50

BEREA CITY SCHOOL DIST., APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

CITY OF CLEVELAND, APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

BD. OF COUNTY COMMRS., CUYAHOGA CO., APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

BD. OF EDN., CLEVELAND CITY SCHOOL DIST., APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

BD. OF PARKS COMMRS., CLEVELAND METROPARKS SYSTEM, APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

BD. OF EDN., SHAKER HEIGHTS CITY SCHOOL DIST., APPELLANT, *v.* BUDGET COMM. OF CUYAHOGA CO. ET AL., APPELLEES.

(Nos. 79-95, 79-109, 79-121, 79-122, 79-123, 79-133— Decided November 14, 1979.)

*Messrs. Webster, Barclay, Heavilin & Koach, Mr. Donald K. Barclay* and *Mr. Jules N. Koach,* for Berea City School District.

*Mr. Jack M. Schulman,* director of law, *Ms. Marilyn G. Zack, Mr. John S. Polito, Messrs. Peck, Schaffer & Williams* and *Mr. John E. Gotherman,* for city of Cleveland.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley* and *Ms. Margaret Anne Foster,* for Board of County

Commrs., Cuyahoga Co., Bd. of Edn., Cleveland City School District, and Bd. of Park Commrs., Cleveland Metroparks System.

*Mr. Paul R. Donaldson,* director of law, and *Mr. Frank J. Kundrat, Jr.,* for Bd. of Edn., Shaker Heights City School District.

PAUL W. BROWN, J. The only issue before this court is whether the Board of Tax Appeals properly dismissed these appeals for reason of appellants' failure to join each subdivision and taxing unit within Cuyahoga County as necessary parties. The city of Cleveland contends that only those subdivisions and taxing authorities which overlap the subdivision filing an appeal need be named as appellees. The boards, in their appeals, would further limit necessary parties to those subdivisions and taxing units which would be directly affected by a successful appeal.

The substantive dispute in the causes herein concerns the allocation of property tax millage between the appellant subdivisions. The property tax scheme bases a subdivision's taxing power upon its revenue needs, but subject to a ten-mill limitation imposed by R. C. 5705.02 upon unvoted taxes. Where subdivisions overlap, as here, the total unvoted millage cannot exceed ten mills and the rate at which each particular subdivision taxes its property must be uniform throughout. Thus, R. C. 5705.31 requires the budget commission to reduce unvoted levies where necessary so that the ten-mill limit is not exceeded, particularly in the areas of subdivision overlap. In the appeals before us, the budget commission increased the city of Cleveland's property tax rate and was thus forced under R. C. 5705.31 to reduce the millage rate of overlapping subdivisions so as to comply with the ten-mill limitation. The boards, as representatives of the overlapping subdivisions, objected to the decreased millage; the city of Cleveland contended that the increase was inadequate.

The Board of Tax Appeals dismissed these appeals on the basis of this court's opinion in *Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181. In *Brooklyn* an appeal was brought to the Board of Tax Appeals challenging the Cuyahoga County Budget Commission's allocation of the un-

divided local government fund. The government fund was allocated by law to eligible subdivisions according to their relative needs. In making a determination of relative needs, the budget commission necessarily had before it all subdivisions and taxing authorities within the county eligible to participate in the distribution of the fund. Because the Board of Tax Appeals heard these appeals from the budget commission *de novo,* this court held that all subdivisions and taxing authorities within the county should likewise be parties before an appeal to the Board of Tax Appeals. Thus, the fact that the appellant in *Brooklyn, supra,* named only those subdivisions as appellees which were deemed to have received a disproportionate share of the local fund was regarded as error by this court, it being necessary to bring in all subdivisions and taxing units for a true determination of relative needs.

This court would be inclined to follow the rationale of *Brooklyn* in the instant cause were it not for the General Assembly's explicit rejection of the rule in R. C. 5747.55, effective in 1971. That statute provides, in relevant part:

"The action of the county budget commission under section 5747.51 of the Revised Code may be appealed to the board of tax appeals***in accordance with the following rules:

"* * *

"(C) There shall also be attached to the notice of appeal a statement showing:

"* * *

"(3) The name of each participating subdivision, as well as the name and address of the fiscal officer thereof, that the complaining subdivision believes received more than its proper share of the allocation, and the exact amount in dollars of such alleged over-allocation.

"(D) Only the participating subdivisions named pursuant to division (C) of this section are to be considered as appellees before the board of tax appeals and no change shall, in any amount, be made in the amount aloocated to participating subdivisions not appellees.

"(E) The total of the undivided local government fund to be allocated by the board of tax appeals upon appeal is the

total allocated by the budget commission to those subdivisions which are appellants and appellees before the board of tax appeals."

Consequently, no longer must an appellant to the Board of Tax Appeals in cases involving the allocation of local government funds designate each subdivision within the county as an appellee. Rather, under R. C. 5747.55, only those subdivisions which the appealing party believes were allocated an excessive share of the fund need be named as parties. The factual similarities between appeals of local fund allocations and the instant appeals lead us to conclude that the legislative rejection of *Brooklyn, supra,* should be acknowledged and followed in these appeals.

Even under the rationale of *Brooklyn,* however, the necessary parties herein to an appeal to the Board of Tax Appeals would be those subdivisions which collectively exceed the ten-mill limit by reason of their overlap and thus are subject to millage reduction based on their individual and relative needs. It would not be necessary under the rationale of *Brooklyn,* as the Board of Tax Appeals believed, to name all other subdivisions and taxing authorities within Cuyahoga County as parties, since there is no need under the substantive law for the budget commission to assess their particular needs relative to the appealing party. But, even this application of *Brooklyn* to the instant causes requires more parties than the General Assembly indicated are necessary under R. C. 5747.55.

R. C. 5747.55 states that only those parties which a subdivision believes were allocated an excessive share of the undivided local government fund can be made a party to an appeal. This is so despite the fact that the Board of Tax Appeals hears these appeals *de novo* and must reach a decision based on the relative needs of all subdivisions within a county. Where, as here, the relative needs of those subdivisions which overlap must be assessed in order to allocate the unvoted levies within the ten-mill limitation, the legislative policy expressed in R. C. 5747.55 should be equally applicable. A party appealing an order of the budget commission should be required to name only those subdivisions as appellees which were allegedly allocated a disproportionate

share of the tax millage. If another subdivision perceives unfair hardship under this rule, that subdivision may bring its own separate appeal. Accordingly, we hold that the only parties necessary to an appeal from an order of the county budget commission to the Board of Tax Appeals concerning the allocation of unvoted property tax millage pursuant to R. C. 5705.31 are those subdivisions which both (1) overlap the appealing subdivision and (2) are alleged by the appealing subdivision to have received a disproportionate allocation of the unvoted tax millage. All appellants herein have complied with this rule.

For the foregoing reasons, the decisions of the Board of Tax Appeals are reversed.

*Decisions reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.