VILLAGE OF MOGADORE, APPELLANT, *v.* SUMMIT COUNTY BUDGET COMMISSION ET AL., APPELLEES.

(No. 12654—Decided January 28, 1987.)

*Edward G. Kemp* and *Beth B. Ferrier,* for appellant.

*Lynn C. Slaby,* prosecuting attorney, and *Carl Layman III,* for appellees.

BAIRD, J. This case came on before the court upon the appeal of the village of Mogadore ("Mogadore") from the dismissal of its appeal to the Board of Tax Appeals. We vacate and remand.

Mogadore appealed the adoption of an alternative formula for the allocation of Summit County's share of the undivided local government fund. It asserted, first, that the alternative formula was not adopted properly by the Summit County Budget Commission

and, second, that the budget commission had abused its discretion in determining the alternative formula.

The Board of Tax Appeals ruled that the budget commission properly approved the alternative formula; no appeal is taken from this ruling. However, the Board of Tax Appeals found that Mogadore had not named all participating subdivisions as appellees and, thus, it had no jurisdiction to hear Mogadore's second claim. It based this ruling upon its finding that Mogadore was appealing a determination under R.C. 5747.53, not under R.C. 5747.51; therefore, Mogadore could not rely upon the procedure set forth in R.C. 5747.55 which provides in part:

"(C) There shall also be attached to the notice of appeal a statement showing:

"* * *

"(3) The name of each participating subdivision, as well as the name and address of the fiscal officer thereof, that the complaining subdivision believes received more than its proper share of the allocation, and the exact amount in dollars of such alleged over-allocation.

"(D) Only the participating subdivisions named pursuant to division (C) of this section are to be considered as appellees before the board of tax appeals and no change shall, in any amount, be made in the amount allocated to participating subdivisions not appellees."

The Board of Tax Appeals held that, because Mogadore was not appealing pursuant to R.C. 5747.55, it was required to name as appellees every participating subdivision in accordance with *Brooklyn* v. *Cuyahoga Cty. Budget Comm.* (1965), 2 Ohio St. 2d 181, 31 O.O. 2d 398, 207 N.E. 2d 764. Mogadore appeals.

### Assignment of Error

"Whether the failure of appellant, Village of Mogadore, to name all subdivisions entitled to participate in the local government fund as appellees in the proceeding before the Board of Tax Appeals constituted a jurisdictional defect."

The Ohio Legislature has rejected the holding in *Brooklyn, supra,* by enacting R.C. 5747.55. The Ohio Supreme Court has acknowledged and followed the legislative rejection:

"[N]o longer must an appellant to the Board of Tax Appeals in cases involving the allocation of local government funds designate each subdivision within the county as an appellee. Rather, under R.C. 5747.55, only those subdivisions which the appealing party believes were allocated an excessive share of the fund need be named as parties. * * *" *Berea City School Dist.* v. *Budget Comm. of Cuyahoga Cty.* (1979), 60 Ohio St. 2d 50, 54, 14 O.O. 3d 209, 211, 396 N.E. 2d 767, 769.

In that case, the appeal was taken from the allocation of tax millage. The court adopted the rule of R.C. 5747.55, holding that:

"* * * the only parties necessary to an appeal from an order of the county budget commission to the Board of Tax Appeals concerning the allocation of unvoted property tax millage pursuant to R.C. 5705.31 are those subdivisions which both (1) overlap the appealing subdivision and (2) are alleged by the appealing subdivision to have received a disproportionate allocation of the unvoted tax millage. All appellants herein have complied with the rule." *Berea City School Dist., supra,* at 55, 14 O.O. 3d at 212, 396 N.E. 2d at 770.

The statute provides in part that:

"(D) Only the participating subdivisions named pursuant to division (C) of this section are to be considered as appellees before the board of tax appeals and no change shall, in any amount, be made in the amount allo-

cated to participating subdivisions not appellees." R.C. 5747.55(D).

Hence, Mogadore is limited to requesting the reallocation of funds allocated to itself and the named appellees. No harm can come to the other participating subdivisions. As the Ohio Supreme Court stated, if another subdivision perceives unfair hardship under this rule, that subdivision may bring its own separate appeal. *Berea City School Dist., supra,* at 55, 14 O.O. 3d at 212, 396 N.E. 2d at 770.

The Board of Tax Appeals based its ruling upon its erroneous finding that Mogadore did not take its appeal pursuant to R.C. 5747.55. That section applies to appeals from "[t]he action of the county budget commission under section 5747.51 of the Revised Code * * *." A review of R.C. 5747.51 reveals that subsection (A) refers to the action of the tax commissioner in certifying an estimate of the amount of undivided local government funds to be allocated to each county.

Subsection (B) relates to the allocation of funds by the budget commission. Specifically, it states that:

"* * * The commission, after extending to the representatives of each subdivision an opportunity to be heard, under oath administered by any member of the commission, and considering all the facts and information presented to it by the auditor, shall determine the amount of the undivided local government fund needed by and to be apportioned to each subdivision for current operating expenses, as shown in the tax budget of the subdivision. This determination shall be made pursuant to divisions (C) to (I) of this section, *unless the commission has provided for a formula pursuant to section 5747.53 of the Revised Code.* * * *" (Emphasis added.) R.C. 5747.51(B).

Thus, an appeal of a budget commission's action may relate to allocation under either the statutory formula (R.C. 5747.51[C] to [I]) or an alternative formula (R.C. 5747.53).

Mogadore named all of the parties required by R.C. 5747.55(C). The Board of Tax Appeals erred in dismissing the appeal. Accordingly, the order of dismissal is vacated, this cause is remanded to the Board of Tax Appeals for further proceedings consistent with the law as set forth in this decision.

*Judgment vacated and cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.