282

CITY OF PAINESVILLE, APPELLANT, *v.* LAKE COUNTY BUDGET COMMISSION ET AL., APPELLEES.

(No. 78-248—Decided December 7, 1978.)

Messrs. *Cannon, Stern & Aveni* and Mr. *Charles E. Cannon,* for appellant.

Mr. *John E. Shoop,* prosecuting attorney, and Mr. *Donald J. Ezzone,* for appellees Lake County Budget Commission, Lake County Board of County Commissioners, Township of Leroy and Township of Perry.

Mr. *Barry M. Byron* and Mr. *I. James Hackenberg,* for appellees City of Willoughby Hills, City of Willowick, Village of Lakeline, City of Mentor, Village of Madison and Village of Kirtland Hills.

Mr. *E. W. Mastrangelo,* director of law, and Mr. *Theodore R. Klammer,* for appellees City of Wickliffe and City of Eastlake.

*Per Curiam.* The issues raised by the instant cause are (1) whether the Board of Tax Appeals may determine that it does not have subject-matter jurisdiction to hear an appeal from the allocation of a local government fund once the board has already ordered a partial distribution of that fund; and (2) whether a notice of appeal to the board which sets forth the exact amount of money a local subdivision claims to have been under-allocated by the county budget commission but which otherwise is couched in general terms complies with the requirements of R. C. 5747.-55(A)(2).[2]

---

[2] Appellant also contends, in effect, (1) that it should have been permitted to amend its notice of appeal after the time for appeal had elapsed, and (2) that its notice of appeal should have been held to satisfy R. C. 5747.55 because it had not been able to view commission records necessary to allege specific errors. Since appellant failed to raise either of these issues below (appellant failed to make a motion to amend its notice or to respond in any form to appellee's motion to dismiss), we decline to address them. See *Wesleyan University Press, Inc.,* v. *Tax Commr.* (1966), 8 Ohio St. 2d 4, 5.

## I.

The right to appeal an allocation of a local government fund to the Board of Tax Appeals is created by statute. (R. C. 5747.55.) Therefore, if appellant has failed to comply with the appropriate statutory requirements, the board lacks subject-matter jurisdiction to hear the appeal. *Queen City Valves, Inc.,* v. *Peck* (1954), 161 Ohio St. 579, 584; *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147. Appellant contends, however, that the budget commission waived its right to raise the question of lack of subject-matter jurisdiction, *i. e.,* that the "budget commission cannot invoke the jurisdiction of the B. T. A. for the partial distribution by approving it and later attempt to deny the jurisdiction on the basis the notice of appeal was not specific."

Appellant's waiver theory is without merit. In *Baltimore & Ohio Ry. Co.* v. *Hollenberger* (1907), 76 Ohio St. 177, this court stated, at pages 182 and 183:

"[I]t has * * * long been a universal rule that an objection to the jurisdiction of the 'subject matter' cannot be waived; because, while parties may voluntarily submit their persons to the jurisdiction of a court which has jurisdiction over the cause, they cannot confer power on the court as to the subject matter, for the reason that the court can derive its general jurisdiction only from the power which created it, the sovereignty."

Over 60 years later that principle was reiterated by Justice Duncan in *Gates Mills Investment Co.* v. *Parks* (1971), 25 Ohio St. 2d 16, when he stated for the court, at pages 19-20:

"The failure of a litigant to object to subject-matter jurisdiction at the first opportunity is undesirable and procedurally awkward. But it does not give rise to a theory of waiver, which would have the force of investing subject-matter jurisdiction in a court which has no such jurisdiction." (See, also, Civ. R. 12[H].)

It may have been more graceful for the commission to file its motion to dismiss before the partial distribution

was ordered, but the commission is not barred by its lack of procedural grace from raising the issue of lack of subject-matter jurisdiction after the partial distribution was ordered. We find, therefore, that appellant's first argument is not well taken.

## II.

The second issue raised by the instant cause is whether appellant's notice of appeal complied with the requirements of R. C. 5747.55(A)(2) and (3). It is established law in Ohio that " 'where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' " *Queen City Valves, Inc.*, v. *Peck, supra,* at page 581, citing *American Restaurant & Lunch Co.* v. *Glander, supra,* at page 150. R. C. 5747.55 provides that "[t]he action of the county budget commission * * * may be appealed to the board of tax appeals * * * in accordance with the following rules * * *." The statute thus confers the right of appeal to the board from an order of the budget commission. Therefore, unless appellant complied with the rules for appeal set forth in the subdivisions of R. C. 5747.55, it may not enjoy the right of appeal.

The subsection of R. C. 5747.55 pertinent to the instant cause is R. C . 5747.55(A)(2). It provides:

"(A) The notice of appeal shall be signed by the authorized fiscal officer and shall set forth in clear and concise language:

"'* * *

"(2) The error or errors the taxing district believes the budget commission made * * *."

Appellant's notice of appeal asserts that appellant is "dissatisfied" with its allocated share of the local government fund, a share which appellant finds to be "grossly understated" in light of its actual needs, and that it "believes it should have received the sum of $224,999.29."[3]

---

[3] The disputed portions of appellant's notice of appeal read as follows: ·

"The appellant is dissatisfied with the action of the said budget

The Board of Tax Appeals found that notice to be defective under R. C. 5747.55(A)(2) and (3). We do not find the board's decision with regard to R. C. 5747.55(A)(2) to be unreasonable or unlawful.[4]

The instant cause is the first occasion this court has had to evaluate the R. C. 5747.55(A) requirements for a notice of appeal. However, we have had ample opportunity to evaluate such notices under similar statutes. (Former R. C. 4903.10 and R. C. 5717.02 and 5717.04, governing appeals from the Public Utilities Commission and appeals to and from the Board of Tax Appeals, require appellants to set forth "specifically" the grounds complained of, and to "specify" and "set forth" the errors complained of. The requirements of the above statutes are sufficiently analogous to the R. C. 5747.55[A] mandate to set forth errors and specific relief in "clear and concise" language, so that the case law developed under the above statutes also applies to R. C. 5747.55 challenges to a notice of appeal.)

_____

commission in fixing the amount of the proceeds of the Local Government Fund to be distributed to this appellant for the fiscal year of 1977, allowed in the sum of $186,536.29, as shown by the minutes of said commission, wherein said appellant's relative needs for said fiscal year, as determined by the budget commission, is grossly understated in accordance with the appellant's actual needs for current operating expenses within the general fund for the fiscal year 1977, as indicated by the appellant's budget, filed with the county auditor on July 20, 1976, as required by law, as is shown by Exhibit 'C,' attached hereto.

"The appellant claims that the budget commission errored [*sic*] in allocating the local government fund to the several participating subdivisions of Lake County, particularly the allocation awarded this appellant as above set out, which is far below its lawful needs. The appellant believes it should have received the sum of $224,999.29, to which amount the appellant claims to be fairly entitled, and which it seeks and claims should be allocated to it."

[4]We disagree, however, with the board's conclusion that appellant's notice of appeal also failed to specify the relief sought pursuant to R. C. 5747.55(A)(3). We believe appellant's statement that it "should have received the sum of $224,999.29," and that it "seeks and claims" that the $224,999.29 sum "be allocated to it," is sufficiently specific to comply with R. C. 5747.55(A)(3).

The law established under the statutes governing appeals from the Public Utilities Commission and appeals to and from the Board of Tax Appeals is clear. There is no subject-matter jurisdiction to hear an appeal when the notice of appeal "state[s] no more than a conclusion" (*Marion* v. *Pub. Util. Comm.* [1954], 161 Ohio St. 276, 278); fails to "enumerate in definite and specific terms the precise errors claimed" (*Lawson Milk Co.* v. *Bowers* [1961], 171 Ohio St. 418, 420); or asserts errors "such as might be advanced in nearly any case" and which "are not of a nature to call the attention of the board to those precise determinations * * * with which appellant took issue" (*Queen City Valves, Inc.,* v. *Peck, supra,* at page 583).

Appellant asserts, in its notice of appeal, that it is "dissatisfied" with its allocated share of the local government fund and that it believes that share to be "grossly understated" in light of its "actual needs." Those assertions are such as might be advanced in nearly any case, and they do not set forth the errors complained of in clear and concise language. Appellant contends, however, that, because its notice includes the amount it felt it should have been allocated, the notice is sufficiently specific to give the board subject-matter jurisdiction. We are not persuaded by appellant's argument.

A notice of appeal will not necessarily be specific just because it sets forth the sum under dispute. (In *Lawson Milk Co.* v. *Bowers, supra,* at page 419, this court rejected, as too general, an appeal from a " 'decision by the Board of Tax Appeals to modify and affirm the final order of the Tax Commissioner in the following basic amounts: Sales tax $3,213.70. Use tax $3,266.57.' ") Indeed, the inclusion of the disputed sum might save an otherwise general notice of appeal, if at all, only when the sum is "of a nature to call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue." *Queen City Valves, Inc.,* v. *Peck, supra,* at page 583.

The determination appealed from in the instant cause

was an R. C. Chapter 5747 budget commission allocation of a local government fund. The procedure for allocating such funds is a complicated one (R. C. 5747.51), involving some 20 different calculations (R. C. 5747.52). Nothing in appellant's figure of $224,999.29 indicates where or how in making those 20 calculations the commission may have erred. The sum does not, therefore, make appellant's otherwise general notice of appeal sufficiently specific so as to comply with the requirements of R. C. 5747.55(A)(2). Except as heretofore noted,[5] we thus find the decision of the board granting the commission's motion to dismiss to be reasonable and lawful.

*Decision affirmed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN, SWEENE▼ and LOCHER, JJ., concur.

CELEBREZZE, J. dissents.

---

[5]See fn. 4, *supra.*