CITY OF CINCINNATI, APPELLANT, *v.* BUDGET COMMISSION OF HAMILTON COUNTY ET AL., APPELLEES. (Two cases.)

[Cite as Cincinnati v. Budget Comm. (1979), 59 Ohio St. 2d 43.]

(Nos. 78-1349 and 78-1350—Decided July 11, 1979.)

44

*Mr. Thomas A. Luebbers,* city solicitor, and *Ms. Nancy H. Simmons,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Robert W. Worth,* for appellees.

LOCHER, J. This court has recently held, in *Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 284, that:

"The right to appeal an allocation of a local government fund to the Board of Tax Appeals is created by statute. (R. C. 5747.55.) Therefore, if appellant has failed to comply with the appropriate statutory requirements, the board lacks subject-matter jurisdiction to hear the appeal. * * *"

R. C. 5747.55(C)(3) specifically requires as a prerequisite to the invocation of jurisdiction upon the Board of Tax Appeals the filing of a statement by the appellant attached to the notice of appeal showing "[t]he name of each participating subdivision * * * that the complaining subdivision [appellant] believes received more than its proper share of the allocation, and the exact amount in dollars of such alleged over-allocation."

Appellant has failed to satisfy the mandatory requirement for jurisdiction imposed in R. C. 5747.55(C)(3). In its notices of appeal, appellant admits that it "* * * cannot state with certainty which, if any, of the participating subdivisions may have received more and which may have received less than its proper share or what the amount of its proper share should be."

Appellant argues that it should be excused from fulfilling the requirements of R. C. 5747.55 in that the Budget Commission of Hamilton County refused to make certain information concerning the derivation of the allocation for each participating subdivision available to the city of Cincinnati or its representatives. However, R. C. 5747.55 does not provide for an allegation of an excuse for noncompliance in lieu of compliance with its mandatory jurisdictional requirements. If the city of Cincinnati needs access to budget commission records, it may seek such access through an action in mandamus.

While this places a considerable burden upon the city of Cincinnati, such a restriction upon appellant's right to appeal from an allocation of funds by the county budget commission is within the General Assembly's intent in enacting R. C. 5747.55.

As stated by the Board of Tax Appeals, in its entries of September 21, 1978:

"Prior to the enactment of R. C. 5747.55, and the re-

peal of certain other statutory provisions, any participating subdivision dissatisfied with the allocation made by a county budget commission of the undivided local government fund could appeal to the Board of Tax Appeals by generally alleging, in a notice of appeal, a desire to appeal from such action of the county budget commission. The filing of such an appeal had the effect of substituting the Board of Tax Appeals for the county budget commission for the purpose of making a completely new allocation of the undivided local government fund. The Board of Tax Appeals became, in effect, a 'super-county budget commission.' *City of Brooklyn* v. *County Budget Comm.* (1965), 2 Ohio St. 2d 181.''

In enacting R. C. 5747.55, the General Assembly established high jurisdictional hurdles in order to discourage ''fishing expeditions'' by municipalities, such as appellant, which believe they may have been shortchanged by the county budget commission in its allocation of local government funds.

Therefore, we hold that the dismissals of the appeals by the Board of Tax Appeals for want of jurisdiction were reasonable and lawful.

R. C. 5717.04 provides, in pertinent part, as follows:

''If upon hearing and consideration of such record and evidence * * * [this] court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same * * *.''

Accordingly, the decisions of the Board of Tax Appeals are affirmed.

*Decisions affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HOLMES, J., dissenting. I am aware that in enacting R. C. 5747.55 it was the intent of the General Assembly to make more exacting the requirements for perfecting an appeal involving undivided local government fund opera-

tions in order to limit the number of "fishing expeditions" by local governmental entities. I am also aware that the nature and scope of any such appeal is limited to those matters properly alleged, as specified in, and supported by, the required attachments and statements.

However, it is not my thought that the General Assembly intended that a local governmental entity could be thwarted by a county budget commission in the governmental entity's reasonable efforts to obtain appropriate information to effect the appeal, such information being in the sole possession of the budget commission.

Here, the facts show that in order to effect its appeal of the allocation of the local government fund, the city of Cincinnati through its proper officials attempted to obtain information as to the derivation of the allocation to the other governmental subdivisions. The county budget commission either refused or failed to transmit this information to the city.

It is my view that the city should not be denied its right of appeal for not including information on the notice of appeal which was not in Cincinnati's possession or control.

It is true the compliance with appellate procedure is jurisdictional, but a denial of jurisdiction should not be based upon a condition which the appellant could not fulfill.

Additionally, I do not believe that under such circumstances a governmental entity should have to bear the burden of proceeding to an action in mandamus in order to acquire the needed information for the appeal. I would, therefore, reverse the orders of the Board of Tax Appeals as being unreasonable.