AUSTINTOWN TOWNSHIP, APPELLANT, *v.* MAHONING COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as Austintown Twp. *v.* Mahoning Cty. Budget Comm. (1986), 24 Ohio St. 3d 83.]

(No. 85-995—Decided June 11, 1986.)

84

*Richard A. Horning,* for appellant.

*Gary Van Brocklin,* county prosecutor, and *Tim Tusek,* for appellees Mahoning County Budget Commission et al.

*Manchester, Bennett, Powers & Ullman Co., L.P.A., John F. Zimmerman, Jr.,* and *Joseph M. Houser,* for appellee Youngstown Township Park.

CLIFFORD F. BROWN, J. In concluding that appellant's notice of appeal was deficient, the Board of Tax Appeals ("board") relied upon this court's decision in *Painesville* v. *Lake Cty. Budget Comm.* (1978), 56 Ohio St. 2d 282, 287 [10 O.O.3d 411], wherein we stated that the board does not have subject matter jurisdiction where the notice of appeal " 'state[s] no more than a conclusion' "; fails to " 'enumerate in definite and specific terms the precise errors claimed' "; or asserts errors " 'such as might be advanced in nearly any case' " and which " 'are not of a nature to call the attention of the board to those precise determinations * * * with which appellant took issue.' "

The board's reliance on *Painesville, supra,* is misplaced. There, appellant had not set forth specific violations in its appeal.[1] Here, appellant

---

[1] See, also, *Cincinnati* v. *Budget Comm.* (1979), 59 Ohio St. 2d 43 [13 O.O.3d 32], wherein the city failed to allege specific errors in its notice of appeal, and sought to be excused from the requirements of R.C. 5747.55(A)(2) because the budget commission had refused to make certain information available to it.

alleges that in making its 1984 allocations, the commission simply applied the same percentages it had allocated in 1982 and 1983, without undertaking the calculations mandated by R.C. 5747.51. As a result, appellant recited twenty-one errors and essentially duplicated the language of R.C. 5747.51. Because appellant alleges in essence that the statutory scheme was wholly disregarded, it is difficult to see how appellant's notice of appeal in the instant case could have been more precise.

R.C. 5747.55(A), which outlines the requirements for notices of appeal of actions by county budget commissions, provides that "[t]he notice of appeal shall be signed by the authorized fiscal officer and shall set forth in clear and concise language:

"(1) A statement of the action of the budget commission appealed from, and the date of the receipt by the subdivision of the official certification or notice of such action;

"(2) The error or errors the taxing district believes the budget commission made;

"(3) The specific relief sought by the taxing district."

The purpose of such a notice of appeal is to define the scope of issues to be contested on the appeal.

In concluding that appellant had not sufficiently described the errors made, the board observed essentially that no evidentiary matters were stated in support of each of these allegations. However, the statute does not require that evidentiary support be presented; it requires merely that the notice of appeal identify the alleged errors in dispute. Evidence to substantiate the allegations of claimed error must await the hearing on the merits.

We have observed that "[i]n enacting R.C. 5747.55, the General Assembly established high jurisdictional hurdles in order to discourage 'fishing expeditions' by municipalities * * * which believe they may have been shortchanged by the county budget commission in its allocation of local government funds." *Cincinnati* v. *Budget Comm.* (1979), 59 Ohio St. 2d 43, 46 [13 O.O.3d 32]. However, where, as here, the taxing district claims that the statutory framework was virtually ignored and, thus, that the commission erred by failing to follow any of the statutorily mandated calculations, the scope of the appeal necessarily includes each required calculation. Thus, where a taxing district alleges in good faith that a budget commission failed to follow any of the calculations mandated by R.C. 5747.51, the taxing district's notice of appeal is sufficient to confer jurisdiction on the Board of Tax Appeals where it assigns error to every statutory step of the budget process. Appellant's notice of appeal claims just that.

We conclude that the board erred in finding the notice of appeal herein insufficient to confer subject matter jurisdiction. Accordingly, we reverse

the decision of the board and remand this cause for further proceedings in accordance with this opinion.

*Decision reversed
and cause remanded.*

LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and SWEENEY, J., dissent.