UNION TOWNSHIP, Appellee,

v.

BUTLER COUNTY BUDGET COMMISSION et al., Appellees.

BUTLER COUNTY PARK BOARD et al., Appellants.

[Cite as *Union Twp. v. Butler Cty. Budget Comm.* (1995), 101 Ohio App.3d 212.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APH07–968.

Decided Feb. 16, 1995.

*Copeland & Brown* and *Phyllis Brown; Thompson, Hine & Flory* and *John T. Sunderland,* for appellee Union Township.

*Cors & Bassett, Elizabeth A. Horwitz* and *Robert J. Hollingsworth,* for appellees Butler County Budget Commission and appellant Butler County Park Board.

*Leslie S. Landen* and *Sheldon A. Strand,* for appellant city of Middletown.

*Michael T. Gmoser,* for appellant village of New Miami.

*Stephen M. McHugh,* for appellee city of Oxford.

*Millikin & Fitton* and *John H. Clemmons*, for appellee city of Fairfield.

HOLMES, Judge.

This is an appeal by the Butler County Park Board, the city of Middletown, and the village of New Miami of an order of the Board of Tax Appeals ("BTA") in an appeal to the BTA by Union Township concerning the distribution of the statutorily provided undivided local government funds and local government revenue assistance funds in Butler County for 1993. Union Township appealed the distribution of these funds to the BTA on the basis that such was, as admitted by all parties, not carried out upon the statutory basis of R.C. 5747.51 where the division is upon the basis of need, nor was such distribution based upon the alternative statutory provision contained within R.C. 5745.53, which provides that the county budget commission may provide for another manner of distribution if certain mandates are followed. After some discovery was conducted, the city of Middletown filed a motion to dismiss the appeal. The grounds for the motion were that Union Township had failed to follow the appellate requirements of R.C. 5747.55(C)(3) to name all necessary local government entities who Union Township believed had received more than their fair share in the distribution of the local government funds. Accordingly, the appellants argued that the failure to follow the statute compromised the jurisdiction of the BTA to hear the appeal as brought by Union Township. In essence, the BTA determined that it had jurisdiction to hear the matter, and decided upon the merits that the distribution of the local government funds had not been in accordance with R.C. 5747.53 and remanded the matter to the Butler County Budget Commission with instructions to "redistribute funds under R.C. 5747.51 and R.C. 5747.62 on the basis of need."

Butler County Park Board, city of Middletown, and the village of New Miami appealed, setting forth the following assignments of error:

"*First Assignment of Error*

"The Board of Tax Appeals erred in denying the motion to dismiss the city of Middletown, and in exercising its power to adjudicate the appeal below.

"*Second Assignment of Error*

"The Board of Tax Appeals erred in concluding that an alternative formula for allocation of the undivided local government funds in Butler County in 1993 was not properly adopted.

*"Third Assignment of Error*

"The Board of Tax Appeals erred when it ordered on remand for the Butler County Budget Commission to redistribute the allocations of all political subdivisions from both funds."

The underlying elements of this appeal lie within the manner in which the Butler County Budget Commission made a determination of its distribution of the undivided local government fund ("ULGF") and the local government revenue assistance funds ("LGRAF") in Butler County. The question that is further presented, and which becomes the first issue that must be determined, is whether the procedure here of the appeal of such distribution of the above funds was carried out according to the requirements of R.C. 5747.55(C)(3), the statute affording local governmental entities the right to appeal.

R.C. 5745.46 *et seq.* authorizes the distribution of certain state-collected funds to various political subdivisions. This distribution occurs through the county budget commission, which is obligated to allocate funds it receives from the state to the subdivisions within its county. The General Assembly provided two methods of distribution. Distribution under R.C. 5747.51, commonly called the "statutory method," is based upon the commission's determination of relative need of an individual taxing subdivision in relation to the relevant need of the county as a whole. R.C. 5747.51(B) provides in part:

" * * * The commission, after extending to the representatives of each subdivision an opportunity to be heard, under oath administered by any member of the commission, and considering all the facts and information presented to it by the auditor, shall determine the amount of the undivided local government fund needed by and to be apportioned to each subdivision for current operating expenses * * *. This determination shall be made pursuant to divisions (C) to (I) of this section, unless the commission has provided for a formula pursuant to section 5747.53 of the Revised Code. * * * "

R.C. 5747.53, referred to above, encompasses the second method of distribution. That section affords taxing subdivisions within a county an opportunity to agree upon distribution of undivided local government funds. Under R.C. 5747.53, undivided local government funds may be distributed on a basis other than relative need, as determined by the county budget commission if certain requisites are fulfilled. R.C. 5747.53 provides in pertinent part:

"(A) In lieu of the method of apportionment of the undivided local government fund of the county provided by section 5747.51 of the Revised Code, the county budget commission may provide for the apportionment of such fund under an

alternative method or on a formula basis as authorized by this section. Such alternative method of apportionment shall have first been approved by all of the following governmental units: the board of county commissioners; the legislative authority of the city, located wholly or partially in the county, with the greatest population; and a majority of the boards of township trustees and legislative authorities of municipal corporations, located wholly or partially in the county, excluding the legislative authority of the city with the greatest population. In granting or denying such approval, the board of county commissioners, boards of township trustees, and legislative authorities of municipal corporations shall act by motion. A motion to approve shall be passed upon a majority vote of the members of a board of county commissioners, board of township trustees, or legislative authority of a municipal corporation, shall take effect immediately, and need not be published. Any method of apportionment adopted and approved under this section may be revised, amended, or repealed in the same manner as it may be adopted and approved. In the event a method of apportionment adopted and approved under this section is repealed, the undivided local government fund of the county shall be apportioned among the subdivisions eligible to participate therein, commencing in the ensuing calendar year, under the apportionment provided in section 5747.52 of the Revised Code, unless a new method for apportionment of such fund is provided in the action of repeal."

Any alternative plan must be properly adopted by the commission within the statutory time frames. R.C. 5705.27. If an alternative formula is not properly adopted, the commission is required to distribute under the statutory method prescribed under R.C. 5747.51. *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St.3d 14, 567 N.E.2d 1007.

According to R.C. 5747.55, subdivisions may appeal the action of the budget commission taken under R.C. 5747.51, the statutory formula allocation to the BTA, in the manner and with the effect provided in R.C. 5705.37. On the other hand, subdivisions dissatisfied with alternative formula allocations may, according to R.C. 5747.53(E), appeal to the BTA only for abuse of discretion or failure to comply with the formula. *Shawnee Twp. v. Allen Cty. Budget Comm., supra.*

■ The language of R.C. 5747.55, in each of its sections, is written to be mandatory upon the appellant in the fulfillment of all the requirements in order to provide the appellate jurisdiction for review by the BTA. The right of appeal being created by statute, the appellants' failure to comply with the statutory requirements, impairs the BTA's subject-matter jurisdiction. *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 10 O.O.3d 411, 383 N.E.2d 896; *Cincinnati v. Budget Comm.* (1979), 59 Ohio St.2d 43, 13 O.O.3d 32, 391 N.E.2d

734. In this case before the BTA, the appellant alleged that its allocation from the 1993 Butler County ULGF should be the definite amount as set forth, within the attached exhibit, and that the city of Fairfield, city of Middletown, city of Oxford, and the village of New Miami, and Butler County Park Board, and Butler County had received an over-allocation from such government fund. The Butler County Budget Commission, along with the above six-named political subdivisions, were the only named appellees in the appeal. Paragraph five of the complaint of Union Township sets forth that:

" * * * Exhibit D sets forth the amount in dollars that Appellant believes it should have received and the names of each participating subdivision that received more than their proper share of the allocation of 1993 ULGF and LGRA, with the exact amounts in dollars of the over-allocation to each Appellee subdivision."

Butler County Park Board argued before the BTA that, in reality, several additional political subdivisions received more than their proper share of the 1993 ULGF and LGRAF, but were not included as appellees in the appeal. Park Board took depositions of the three members of the Board of Trustees of Union Township, and such depositions were submitted to the board in support of the motion of the Park Board to dismiss the appeal. In the exhibits within the deposition, identified by each trustee, was a letter which was sent by the township trustees to other townships in Butler County regarding the appellant's filing of the appeal. The letter which is to be found in the BTA record was signed by all of the trustees and reads as follows:

"Most townships received a higher allocation under the current method, whatever it is, than they would under the statutory method. Nonetheless, Union Township chose not to name any townships as Appellees because we do not want to cause undue harm to our fellow townships. Whatever additional amount the Board of Tax Appeals chooses to re-allocate from the named Appellees will satisfy us."

The letter was dated November 30, 1992, the same date of the filing of the appeal to the BTA. The Trustees of Union Township admitted that a conscious decision not to pursue recovery against townships receiving over-allocations was made by Union Township prior to filing the appeal. One of the township trustees, in his deposition, stated that the trustees knew the townships were receiving over-allocations and chose not to name them as appellees in the appeal. Therefore, it appears from the record and the statements under oath by the township trustees themselves that there is evidence that the trustees represent-

ing Union Township believed certain other townships, who were not named as appellees in the appeal to the BTA, indeed, received more than their proper share of the allocation.

In *Painesville, supra,* the Ohio Supreme Court agreed that the failure to list the specific errors the appellant claimed the budget commission had committed, was a jurisdictional defect under R.C. 5747.55(A)(2). In *Cincinnati, supra,* the city alleged it was unable to state which subdivisions received more than its proper share of the allocation because the Budget Commission of Hamilton County had refused to make certain information available to the city. While recognizing the considerable burden this jurisdictional requirement placed on the city, the court refused to excuse Cincinnati from meeting the requirement, citing the "high jurisdictional hurdles" established in R.C. 5747.55 and noting that these "hurdles" were intentionally established by the General Assembly to discourage "fishing expeditions" by dissatisfied subdivisions. See, also, *Austintown Twp. v. Mahoning Cty. Budget Comm.* (1986), 24 Ohio St.3d 83, 24 OBR 229, 493 N.E.2d 550.

The real issue before the BTA, and now before this court, is whether Union Township complied with the requirements of R.C. 5747.55(C)(3). The record before the BTA and before this court shows that the township intentionally omitted participating subdivisions that the township believed received excess allocations, and had done so for their own purposes or reasons. This does violate the plain language and intent of R.C. 5747.55.

Union Township argued, and the BTA, in overruling the motion to dismiss, here concluded that the term "believe," found within the statute, means an absolute right upon the part of the appellant to name only those over-allocated subdivisions the complaining party seeks to name. The BTA, in its order, dismisses the word "believes" and substitutes "allege." By doing so, the requirement of the word loses its meaning and the statute its purpose. Assuming, *arguendo,* that no alternate formula was properly adopted in the county for the year 1993 distribution of local government funds, the purpose of appeal is to permit a subdivision receiving less than its statutory share to seek to recover that share. The fund developed to accomplish that goal is the over-allocations to the named appellees. The ultimate goal is to reallocate in accordance with the statutory formula in the county where the appellees to an appeal are based. By not including those entities who the complaining party believed to be over-allocated, but solely only setting forth those whom they wished to include, the complaining party is creating its own formula, not vindicating the statutory formula. Union Township has named, in its statement under R.C. 5747.55(C)(3), only those subdivisions against whom it chose to seek recovery, not those subdivisions it believed to be over-allocated. By not complying with the statute

conferring the right of appeal, Union Township has not properly invoked the subject-matter jurisdiction of the BTA and, accordingly, the appeal should have been dismissed by the BTA.

Based upon all of the foregoing, the first assignment of error of the appellant is hereby sustained.

Although the foregoing discussion relevant to assignment of error number one concludes this case in that we have determined that the BTA should have dismissed the appeal because of lack of jurisdiction, in that the appellant had not properly complied with R.C. 5747.55(C)(3), we respond briefly to appellant's second and third assignments of error only because of the requirements in App.R. 12.

All parties agree that for budget year 1993, funds were allocated to taxing subdivisions within Butler County by a method other than the statutory method presented in R.C. 5741.51. Union Township argued before the budget commission, and here, that the method of distribution used by the Butler County Budget Commission was not statutorily valid because there exists no evidence of the mechanics of an alternative plan of distribution nor formal acceptance of such a plan by the taxing subdivisions within Butler County, as required under R.C. 5747.53. Union Township argued that without a statutorily promulgated alternative method, the law requires funds to be distributed in accordance with the statutory method under R.C. 5747.51.

Butler County Park Board, on the other hand, argued before the board, and here, that Butler County's distribution plan of "fixed percentages" has been in place for many years, was originally properly adopted, and has never been repealed in accordance with statutory directives. At the hearing before the BTA, testimony and other evidence was received on the issue of whether the Butler County Budget Commission distributed undivided local government funds under a properly adopted alternative formula as required by R.C. 5747.53. A number of exhibits were accordingly identified and entered into the record.

The Butler County Budget Commission presented evidence through testimony and minutes of commission meetings that meetings were held regularly since at least 1972, wherein the distribution of local government funds was approved as percentages of the total fund. The percentages appear to have changed minimally during the period of 1972 to 1978, and the record reflects that the taxing subdivisions within Butler County have received the same percentage of the fund from 1979 to 1993. Other than the fixed percentages used annually, no evidence before the BTA, within the record, was shown to be presented concerning the original terms and conditions of any alternative formula claimed by the budget commission and the Park Board to have been properly adopted.

The Butler County Park Board claimed that it had evidence which supports a finding that the alternative formula used by the Butler County Budget Commission received the necessary approvals from the governmental entities, as required by statute. The Park Board offered into evidence certain documents entitled "Motion to Proving the Distribution of Local Government Fund Money on the Basis of Need by the Butler County Budget Commission." These documents were certifications from the clerk of individual taxing subdivisions of motions in the following basic form:

"Motion by _____ that pursuant to Section 5747.53 of the Revised Code of Ohio, approval is hereby granted for the Budge[t] Commission of Butler County, State of Ohio, to apportion Local Government Fund Money according to need, within these statutory limitations, as determined by the Butler Commission.

"*After Hearings* as provided by law, said approval to take effect immediately and without publication.

"Seconded by _____

Upon Roll Call, The Vote Resulted as Follows: * * * "

By the Park Board's and the appellees' own admissions before the BTA, the Butler County Budget Commission mailed similar types of motions, as set forth above, to the various subdivisions on a yearly basis until 1988. Those motions were discontinued after that time. While the Park Board admits that the motions were discontinued in 1988, there was no evidence presented that the budget commission amended or modified any alternative method, nor that the alternative formula, then in place, became valid in perpetuity, or for any period greater than one year, or that the taxing subdivision approved any such alternative formula or modification. The fact that undivided local government funds are historically distributed by a method other than the statutory method is not, in itself, evidence that an alternative method of distribution is properly in existence and is continuously approved by all subdivisions. Alternative methods of distribution of local government funds must be proposed by a county budget commission each year and specifically approved by the taxing subdivision required by the statute each year.

Considering the evidence presented before it, the BTA found and determined that the distribution of both ULGF for the 1993 budget year in Butler County was made under a plan not in conformity with R.C. 5747.53, and further found that, pursuant to stipulation, the distribution of undivided LGRAF was made under a plan not in conformity with R.C. 5747.63. Therefore, the board found that the Butler County Budget Commission was required to forthwith redistribute funds under R.C. 5741.51 and 5747.62 on the basis of need and, accordingly, remanded such matter to the Butler County Budget Commission for further

consideration consistent with the BTA's decision and order. As it is our determination that the BTA applied the correct law as to the merits of this case, we overrule the appellants' assignment of error number two. In that we have previously determined under assignment of error number one that the BTA had no subject-matter jurisdiction of this matter, the Board of Tax Appeals had no jurisdiction of the matter, and erred when, after determining the merits of the case, it ordered Butler County to redistribute all local government funds for the year 1993. The second and third assignments of error are therefore sustained.

The decision of the Board of Tax Appeals is therefore reversed, and the allocations of the local government funds in Butler County for the year 1993 shall remain as distributed prior to an appeal being taken to the Board of Tax Appeals, which board is hereby found to have been without jurisdiction to entertain said appeal.

*Decision reversed.*

JOHN C. YOUNG and PETREE, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.