CITY OF ELYRIA ET AL., APPELLANTS, *v.* LORAIN COUNTY
BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *Elyria v. Lorain Cty. Budget Comm.,*
117 Ohio St.3d 403, 2008-Ohio-940.]

(Nos. 2006–2293, 2006–2389, and 2006–2390—Submitted
November 6, 2007—Decided March 12, 2008.)

PFEIFER, J.

{¶ 1} In the three consolidated appeals before us, four political subdivisions in Lorain County—the city of Elyria, the city of North Ridgeville, the city of Avon Lake, and Amherst Township—challenge the alternative method of apportionment that was used by the county budget commission to apportion certain funds set aside by the state for local governments for distribution years 2004, 2005, and 2006. A fifth subdivision, Lorain County Metropolitan Park District, was an appellant at the Board of Tax Appeals ("BTA"), but did not appeal to this court.

{¶ 2} Ohio law provides for the creation of a "local government fund" ("LGF") and, during the relevant period at issue here, a "local government revenue

assistance fund" ("LGRAF").[1]   R.C. 5747.03(A)(1) (creating LGF); former R.C. 5747.61(B) (creating LGRAF).   By statute, a certain portion of various state taxes is directed into the LGF and LGRAF at the state level as a matter of course.   See R.C. 5747.03(A)(1) and 5747.03(A)(4) (personal income tax);   R.C. 5733.12(A) (corporation franchise tax);   R.C. 5739.21(A) (sales tax);   R.C. 5741.03(A) (use tax);   R.C. 5725.24 (dealers-in-intangibles tax);   R.C. 5727.45 (public utility property and excise taxes);   R.C. 5727.84 (kilowatt-hour tax). Pursuant to statutory formulas, the Tax Commissioner is required to distribute the LFG and LGRAF to the county treasurers.   The law mandated that the distributed amounts be credited, respectively, to the Undivided Local Government Fund ("ULGF") and the Undivided Local Government Revenue Assistance Fund ("ULGRAF") of each county.   See R.C. 5747.50, 5747.51, and former 5747.61.   143 Ohio Laws, Part II, 2331, 2630–2632.

{¶ 3} At the county level, the statutes called for distributing the funds through a basic "statutory" method of apportionment that computes the "relative need" of the political subdivisions.   R.C. 5747.51;   former R.C. 5747.62.   147 Ohio Laws, Part II, 3906, 3945–3947.   The statutes allowed the political subdivisions to adopt an "alternative method of apportionment" for LGF and LGRAF.   R.C. 5747.53; former 5747.63.   149 Ohio Laws, Part IV, 7881, 7887–7890.

{¶ 4} The appeals we address today have their genesis in an earlier case that came before the BTA.   In 2002, the city of Lorain ("Lorain City") appealed the budget commission's apportionment for the 2003 distribution year.   In that appeal, Lorain City contended that the budget commission had allocated funds to an ineligible entity and that the alternative method of apportionment that the budget commission used had not been properly adopted under the statute. Although 23 political subdivisions, including the budget commission, were named as appellees in that appeal, none of the subdivisions that are appellants in this case were named.

{¶ 5} The parties to that case settled, and the terms of that settlement appear in the record via correspondence between Lorain County and Lorain City. Lorain City accepted the county's proposal that (1) the county make an additional lump-sum payment of $500,000 to Lorain City for the 2003 distribution year, (2) the county be responsible for half of this sum, with the subdivisions named in the appeal to be responsible for the other half, and (3) a new alternative method be adopted that would prospectively adjust apportionment percentages so that Lorain City would receive about $640,000 more than it had under the previous alternative method.   This last provision would be effectuated by apportioning to

---

1.  The 2007 budget bill repealed R.C. 5747.61, 5747.62, and 5747.63 as of June 30, 2007.   2007 Am.Sub.H.B. No. 119.

Lorain City an additional 3.396 percent of the funds—an increase that would be financed by across-the-board reductions in allocations to the other subdivisions, including appellants, who were not parties to the appeal.

{¶ 6} Elyria and the other appellants appealed the allocation under the new method of apportionment with respect to distribution year 2004 (No. 2006–2293), distribution year 2005 (No. 2006–2389), and distribution year 2006 (No. 2006–2390). (For convenience, we will use "Elyria" or "city of Elyria" as an abbreviated way of referring collectively to all of the appellants.) The notices of appeal to the BTA made two principal allegations of error. First, citing R.C. 5747.55(D), Elyria contended that it could not suffer a reduced allocation of LGF and LGRAF because it had not been made a party to Lorain City's BTA appeal, which had produced the settlement. Second, Elyria argued that the new alternative method of apportionment had not been properly adopted pursuant to the timetable and procedures prescribed by the statutes.

{¶ 7} In each of the cases before us, Elyria had attached a table as Exhibit G to the notice of appeal. In Exhibit G, Elyria names the political subdivisions in Lorain County that had participated in the allocation of LGF and LGRAF. For each subdivision, the table identifies (1) what that subdivision received under the new alternative method of apportionment, (2) what that subdivision would have received under the prior method of apportionment (with modifications, see below), and (3) the amount of any overallocation or underallocation. On each Exhibit G, only one subdivision was identified as overallocated: Lorain County. The city of Lorain was listed, but the sums in the first two categories were presumed to be identical as a result of the settlement, so the tables showing under- and overallocation were blank.

{¶ 8} In case No. 2006–2293, the BTA held a hearing and received stipulations and evidentiary exhibits. Instead of addressing the merits of the arguments advanced by Elyria, the BTA dismissed on the grounds that Elyria had failed to identify Lorain City as an overallocated subdivision.

{¶ 9} The BTA justified its dismissal by explaining that the second column in Exhibit G, which purports to represent a list of the funds "that should have been allocated under the alternative method used prior to settlement in Case No. 02–T–1865," overstates what the city of Lorain's allocation would have been under the old formula and that in fact, the city benefits from the new formula. Therefore, the BTA stated, "the appellants do not, in fact, claim that all allocations should be reverted to the prior formula," because under the former alternative method of apportionment, Lorain City would have received less money. The BTA concluded, therefore, that Elyria had made "a deliberate decision to exclude the city of Lorain as an over-allocated subdivision." Confirming this conclusion was the claim for relief in the notice of appeal, in which Elyria

initially asked the BTA to "allocate the 2004 LGF and 2004 RAF among the parties to the appeal in accordance with the alternative method used by the [budget commission] prior to the settlement of Case No. 02–T–1865." But Elyria also asked that "any increased allocation to Lorain [city] as a result of such settlement [be] borne only by Lorain County from its allocated share and with no reduction suffered by any other participating subdivision." Id.

{¶ 10} Because R.C. 5747.55(C)(3) requires an appellant to identify "each participating subdivision * * * that the complaining subdivision believes received more than its proper share of the allocation," and because Elyria did not identify Lorain City as overallocated, the BTA found that Elyria had not complied with R.C. 5747.55(C)(3). Citing cases for the proposition that the requirements set forth in that statute constitute jurisdictional prerequisites to pursuing the appeal at the BTA, the BTA dismissed for lack of jurisdiction. Based on this analysis, the BTA also dismissed case Nos. 2006–2389 and 2006–2390, which pertain to subsequent distribution years. Elyria has appealed all three decisions to this court, and we now reverse.

{¶ 11} The BTA dismissed all three cases because it found that Elyria had failed to comply with R.C. 5747.55(C)(3). On appeal to this court, Elyria argues for the first time that R.C. 5747.55 and division (C)(3) in particular do not apply to appeals from budget commission decisions that allocate under an alternative method of apportionment. In the alternative, Elyria renews its contention that it complied with R.C. 5747.55(C)(3).

I

{¶ 12} R.C. 5747.55 states, "The action of the county budget commission under sections 5747.51 and 5747.62 of the Revised Code may be appealed * * *." Because the statutory method of apportionment is detailed in R.C. 5747.51 and former 5747.62, and because separate sections address alternative methods of apportionment, Elyria argues that the provisions of R.C. 5747.55 apply only to appeals from statutory-method allocations. This argument appears to constitute a threshold issue: if R.C. 5747.55(C)(3) does not apply to these appeals, then the premise that the BTA relied upon for dismissing the appeals evaporates. We conclude, however, that another issue arises as a threshold to the threshold: Elyria's notice of appeal to this court does not assert that the BTA erred by applying R.C. 5747.55(C)(3). Ordinarily, we lack jurisdiction to decide an issue that has not been properly asserted in the notice of appeal to this court. See *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 32, and cases cited therein.

{¶ 13} But *Dayton* does not preclude us from deciding whether the BTA properly regarded R.C. 5747.55(C)(3) as being applicable to this case. The applicability of R.C. 5747.55 affects the subject-matter jurisdiction of the BTA

and, derivatively, of this court on appeal. See *Colonial Village Ltd. v. Washington Cty. Bd. of Revision,* 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 2. We have jurisdiction to review whether the BTA had jurisdiction of the merits of a case, and we can exercise that jurisdiction even when the alleged defect in the BTA's jurisdiction was not asserted in the notice of appeal to this court. See id. at ¶ 2, 10 (jurisdictional defect considered by the court even though it was asserted through a motion to remand rather than the notice of appeal); *H.R. Options, Inc. v. Zaino,* 100 Ohio St.3d 373, 2004-Ohio-1, 800 N.E.2d 740, ¶ 8 (court considered jurisdictional issue raised by appellant for the first time in his brief to the court). We conclude that it is both logical and practical to address whether R.C. 5747.55(C)(3) is applicable before we address whether Elyria complied with it. Determining the applicability of R.C. 5747.55 is crucial to our discussion of the scope of the BTA's jurisdiction in Part III of this opinion. Accordingly, we will exercise jurisdiction to determine whether R.C. 5747.55(C)(3) limits the BTA's jurisdiction to review the budget commission's decision in these appeals.

{¶ 14} We hold that R.C. 5747.55 applies to an appeal taken from budget commission orders that allocate funds based on an alternative method of apportionment. As a result, R.C. 5747.55(C)(3) imposes a jurisdictional requirement on the appeals before us.

{¶ 15} The plain language of the various sections of the Revised Code establishes that R.C. 5747.55 is applicable. By its very terms, R.C. 5747.55 applies when an appeal to the BTA concerns the "action of the county budget commission under sections 5747.51 and 5747.62 of the Revised Code." Elyria argues that because R.C. 5747.51 and former 5747.62 set forth the basic or statutory method of apportionment at divisions (C) to (I) and (C) to (H) respectively, the legislature must have intended R.C. 5747.55 to apply only to appeals from an apportionment under the statutory method. We conclude otherwise because that argument fails to consider the function of division (B) of both R.C. 5747.51 and former 5747.62.

{¶ 16} In both R.C. 5747.51 and former 5747.62, division (B) sets forth the general mandate that the budget commission "determine the amount" of the LGF or LGRAF "needed by and to be apportioned to each subdivision." In each section, division (B) expressly states that "[t]his determination shall be made pursuant to [the statutory method] unless the commission has provided for a formula pursuant to [R.C. 5747.53 or former 5747.63] of the Revised Code." The "unless" clause refers to the provisions that authorize alternative methods of apportionment, and as a result the budget commission acts pursuant to division (B) of R.C. 5747.51 and former 5747.62 when it apportions funds under either the statutory or an alternative method. It follows that when the budget commission apportions in accordance with an alternative method, it is acting pursuant to division (B) of R.C. 5747.51 or former 5747.62. As a result, R.C. 5747.55 applies

to appeals from such an apportionment, because it involves an action by the budget commission pursuant to R.C. 5747.51 and former 5747.62.

{¶ 17} Our holding in this regard is not contrary to earlier cases. In *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St.3d 14, 567 N.E.2d 1007, the county argued that R.C. 5747.55 did not apply because the township's appeal to the BTA had challenged an alternative method of apportionment. We held that the appeal should be understood to be one that raised a right to a statutory apportionment, rather than constituting a challenge to apportionment under an alternative method. Id. at 16, 567 N.E.2d 1007. Accordingly, we conclude that *Shawnee* did not reach and does not control the issue we decide here. See *Mogadore v. Summit Cty. Budget Comm.* (1987), 36 Ohio App.3d 42, 44, 520 N.E.2d 1370. See also *Union Twp. v. Butler Cty. Budget Comm.* (1995), 101 Ohio App.3d 212, 216, 655 N.E.2d 260 (the court of appeals referred to our decision in *Shawnee Twp.* and apparently analyzed the case before it as involving an appeal from a statutory apportionment, but did not directly address the issue we consider here).

{¶ 18} Because R.C. 5747.55 applies, it follows that Elyria was obligated to comply with R.C. 5747.55(C)(3) in order to maintain its appeal at the BTA.

II

{¶ 19} We next address whether Elyria complied with R.C. 5747.55(C)(3) by identifying "each participating subdivision * * * that the complaining subdivision believes received more than its proper share of the allocation."

{¶ 20} The parties dispute the standard to be applied in determining compliance with R.C. 5747.55(C)(3). Elyria contends that it may prosecute its appeal as long as it made a good-faith effort and substantially complied with R.C. 5747.55(C)(3). The county argues that strict compliance with R.C. 5747.55(C)(3) is required. We agree with the county, and we hold that an appeal to the BTA from the apportionment by a budget commission must strictly comply with R.C. 5747.55(C)(3). See *Cincinnati v. Hamilton Cty. Budget Comm.* (1979), 59 Ohio St.2d 43, 45, 13 O.O.3d 32, 391 N.E.2d 734 (good-faith reason for not naming overallocated subdivisions did not prevent dismissal of appeal); *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 284–285, 10 O.O.3d 411, 383 N.E.2d 896.

{¶ 21} The BTA dismissed the case because it found that Elyria should have named Lorain City as an overallocated subdivision. That finding was predicated on the BTA's view that a litigant in Elyria's position could assert only two types of claim before the BTA. Elyria could establish either that "the allocation should have been made under the old formula," pursuant to which claim Elyria should have identified Lorain City as an overallocated subdivision, or that neither the

current nor the former alternative formula applies, in which case allocation would have to occur pursuant to the statutory method. Because Elyria requested "something different," i.e., a variation on the former alternative method, not statutory apportionment, the BTA barred its appeal, stating, "[T]he appellants have decided to 'pick and choose' which entity should be responsible for any changes in the allocation, rather than seek to have the old formula applied as approved. As in the case of *Union Twp.* [101 Ohio App.3d 212, 655 N.E.2d 260], by not identifying all entities the appellants believe are overallocated under the new formula, but only setting forth the county as the sole entity to be responsible for any changes in the amounts allocated among the subdivisions, the appellants have created their own formula, an alternative that is beyond the scope of these proceedings." Elyria faults this rationale as consisting of the BTA's "conclusions regarding the merits of Appellants' claims and arguments" rather than constituting "grounds that are truly jurisdictional." We agree, and we therefore reverse.

{¶ 22} The starting point is to ascertain what claim or claims Elyria's notices of appeal to the BTA assert. In its notice of appeal for distribution year 2004, Elyria states, "[The budget commission] should have allocated the LGF and RAF for 2004 in accordance with the settlement reached in the tax appeal proceeding in Case No. 02–T–1865 but with no reduction suffered by any Appellant which was not a named party in that tax appeal proceeding. The reductions in the 2004 LGF and 2004 RAF necessitated by the increased allocation to Lorain should have been borne entirely by allocation to appellee, Lorain County, Ohio * * *."

{¶ 23} The notice of appeal refers to Exhibit G as showing the amounts underallocated, along with "the exact amount in dollars which has been overallocated to Lorain County." The notices of appeal to the BTA for distribution years 2005 and 2006 set forth the same theory.

{¶ 24} Elyria's theory of relief in paragraph 4(c) of the notices of appeal relies on R.C. 5747.55(D), which states that "no change shall, in any amount, be made in the amount allocated to participating subdivisions not appellees" in a BTA appeal. In effect, the notices of appeal to the BTA argue that the alternative method contemplated by the settlement is binding on the subdivisions of the county and that settlement involves a contractual increase to Lorain City financed completely by the county. The assertion of this internally coherent theory, even if it ultimately fails on the merits, distinguishes this case from *Union Twp.*, 101 Ohio App.3d 212, 655 N.E.2d 260, upon which the BTA heavily relied in dismissing these appeals. In *Union Twp.*, officials of appellant Union Township believed that other townships would be overallocated, but made a conscious decision not to name those townships as being overallocated, preferring instead to recover only from the cities, even if that approach limited the amount of recovery. Id. at 217, 655 N.E.2d 260 (appellant told the BTA that it would content itself with

"[w]hatever additional amount the Board of Tax Appeals chooses to re-allocate from the named Appellees"). There was no indication that Union Township had advanced any coherent theory of relief that justified naming only the subdivisions it named as being overallocated. In characterizing Elyria's theory of relief as coherent, we are not prejudging the merits of that theory. We hold only that because Elyria's notices of appeal to the BTA asserted a claim that justified naming the county as the only overallocated subdivision, the BTA had jurisdiction to determine the merits of that claim, and accordingly, the BTA committed legal error when it dismissed for want of jurisdiction.

{¶ 25} In *Hamilton Cty. Budget Comm.*, 59 Ohio St.2d 43, 13 O.O.3d 32, 391 N.E.2d 734, we addressed a different situation. The notice of appeal to the BTA in that case stated that the appellant "cannot state with certainty which, if any, of the participating subdivisions may have received more and which may have received less than its proper share or what the amount of its proper share should be." Id. at 45, 13 O.O.3d 32, 391 N.E.2d 734. The BTA and the court agreed that such a notice did not invoke the BTA's jurisdiction. This case is significantly different from *Hamilton Cty. Budget Comm.* Elyria has named one overallocated subdivision, a designation that is arguably consistent with its theory as to the errors committed by the budget commission, whereas in *Hamilton Cty. Budget Comm.*, no subdivision was identified as overallocated.

{¶ 26} Finally, we address the possibility that the BTA has already considered and rejected the merits of Elyria's theory of relief. To be sure, the BTA's discussion broadly implies that such a theory is not cognizable on the merits, but we decline to view the cursory attention the BTA devoted to it as a rejection of the merits of that theory. When litigants present their contentions to the BTA, the law requires the BTA to apply its expertise and present its findings and the basis therefore. See *Gen. Motors Corp. v. Cuyahoga Cty. Bd. of Revision* (1990), 53 Ohio St.3d 233, 235, 559 N.E.2d 1328. Accordingly, we reverse the decision of the BTA to dismiss the appeals, and we remand for further proceedings.

## III

{¶ 27} It remains for us to clarify the scope of the BTA's jurisdiction on remand.

{¶ 28} First, as we have discussed, the BTA has jurisdiction to determine the validity of Elyria's primary claim for relief on the merits. Accordingly, on remand, the BTA will have the authority to decide whether Elyria is entitled to the specific relief reflected by the figures in Exhibit G of the notices of appeal.

{¶ 29} Second, the BTA on remand will not have jurisdiction to entertain any theory of relief not consistent with Elyria's identification of Lorain County as the only overallocated subdivision. In *Union Twp.*, 101 Ohio App.3d at 218, 655

N.E.2d 260, the court of appeals explained that the "purpose of appeal is to permit a subdivision receiving less than its statutory [or alternative-method] share to seek to recover that share," and it does so from the fund consisting of "the over-allocations to the named appellees." By requiring an appellant to name the appellees and identify their potential liability, the statute furnishes notice to those other subdivisions about what they stand to lose and thereby puts them on guard to defend. It follows that the BTA may not exercise jurisdiction to consider a claim that the earlier alternative method of apportionment should be completely reinstated. As the BTA correctly found, this theory cannot be squared with the notice of appeal because reinstating the earlier formula, with adjustment for the settlement, would mean that Lorain City has been overallocated, but the notice of appeal does not identify that city as being overallocated.

{¶ 30} Finally, the BTA will not have jurisdiction to apply the statutory method. We understand that the BTA, in the decision under review, has already found that the statutory method is not jurisdictionally before it, and the appeal to this court did not challenge that disposition. See *Dayton–Montgomery Cty. Port Auth.*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33.

{¶ 31} These jurisdictional limitations are particularly significant because Elyria asserted an alternative claim that the new apportionment method had not been properly and timely adopted in case Nos. 2006–2293 and 2006–2389. If the BTA finds that this contention is correct in one or more of the appeals before us, it would ordinarily have to either reinstate the former alternative method or determine the proper distribution through the statutory method. But in this case, the BTA will lack jurisdiction to pursue either of these alternatives. It would, upon making such a finding, have to dismiss the appeal.

{¶ 32} With these precepts in mind, we reverse the decisions of the BTA in the three appeals before us and remand each case for further proceedings in accordance with this opinion.

Decisions reversed
and causes remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

---

Terry S. Shilling, Elyria Law Director, and Michelle D. Nedwick, Assistant Law Director, for appellants city of Elyria and Amherst Township.

Geoffrey R. Smith, Avon Lake Law Director, for appellant city of Avon Lake.

Eric H. Zagrans, for appellant city of North Ridgeville.

Thompson Hine, L.L.P., John T. Sunderland, and John B. Kopf, for appellees Lorain County and Lorain County Board of Commissioners.

John R. Varanese, for appellee city of Lorain.

Gerald A. Innes, Assistant Prosecuting Attorney, for appellee Lorain County Budget Commission.