[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 79.]

**MID-STATES TERMINAL, INC., APPELLANT AND CROSS-APPELLEE, *v*. LUCAS COUNTY BOARD OF REVISION ET AL., APPELLEES AND CROSS-APPELLANTS.**

**[Cite as *Mid-States Terminal, Inc. v. Lucas Cty. Bd. of Revision*, 1996-Ohio-75.]**

*Taxation—Real property—Board of Tax Appeals' valuation unreasonable, when.*

(No. 95-1951—Submitted April 4, 1996—Decided July 24, 1996.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 93-K-1385.

————————————

{¶ 1} Mid-States Terminal, Inc., n.k.a. Countrymark Cooperative, Inc. ("Mid-States"), owns a grain elevator and associated facilities located along the Maumee River in Toledo, Ohio. The real property consists of twenty-one parcels covering a total area of 19.123 acres, of which parcel No. 18-77207 covers 4.03 acres.

{¶ 2} Mid-States filed a complaint with the Lucas County Board of Revision ("BOR"), along with an attachment listing the parcel numbers and descriptions of twenty-one parcels. The only parcel for which Mid-States requested a decrease in value was parcel No. 18-77207. The Toledo Board of Education filed a countercomplaint in which it asked that the auditor's valuation be retained. The BOR found that no reduction in value should be made. Mid-States filed an appeal with the Board of Tax Appeals ("BTA").

{¶ 3} After hearing and considering the opinions of value put forth by the appraisers representing Mid-States and Toledo Board of Education, the BTA accepted the $6,700,000 valuation presented by Mid-States' appraiser, Dennis E. Vogan. Although Mid-States' notice of appeal to the BTA listed twenty-one parcels of property, the BTA's decision attributed Vogan's $6,700,000 valuation entirely to parcel No. 18-77207, stating in a footnote:

"As previously indicated, the subject property is identified as being comprised of twenty-one parcels in appellant's complaint, notice of appeal and the January 26, 1995 agreement. Vogan's appraisal report, however, indicates that the subject property consists of only twenty parcels. * * * He testified at hearing that he believed the remaining parcel is owned by the Toledo Port Authority and leased to Countrymark. * * * It still remains unclear whether the value opined by Vogan and accepted by this Board should be considered to be the total value of all twenty-one parcels, twenty parcels or the single parcel which is contested. Given that appellant has the burden of demonstrating the value of the property at issue and as the $6,700,000 is closer to that value claimed by appellant in its notice of appeal and the January 26, 1995 agreement, we have attributed the entire value to parcel number 18-77207."

{¶ 4} Mid-States filed a notice of appeal with this court, as did cross-appellants, Toledo Board of Education and the BOR.

{¶ 5} This cause is now before the court upon appeals as of right.

—————————————

*Stephen Swaim*, for appellant and cross-appellee.

*Anthony G. Pizza*, Lucas County Prosecuting Attorney, and *Ralph C. Zychowicz*, Assistant Prosecuting Attorney, for appellee and cross-appellant, Lucas County Board of Revision.

*Spengler Nathanson* and *Michael W. Bragg,* for appellee and cross-appellant Toledo Board of Education.

—————————————

***Per Curiam.***

{¶ 6} The decision of the BTA accepted the $6,700,000 valuation put forth by Mid-States' appraiser Dennis E. Vogan. The BTA applied that valuation to parcel No. 18-77207, thereby leaving the valuation of the other twenty parcels unchanged. However, the BTA itself raised the question of whether the $6,700,000

value it accepted was applicable to just parcel No. 18-77207 or whether it was applicable to all twenty-one parcels.

{¶ 7} Mid-States contends that Vogan's opinion of value is applicable to all twenty-one parcels, not just parcel No. 18-77207. Mid-States contends that the values for the twenty parcels (excepting parcel No. 18-77207), plus the land portion of parcel No. 18-77207, are to remain unchanged at $1,503,970, and that the building valuation for parcel No. 18-77207 should be reduced from $10,553,400 to $5,196,030. When added together, the value for the twenty parcels, plus the value of the land and buildings for parcel No. 18-77207, totals $6,700,000.

{¶ 8} We have reviewed the entire record, especially Vogan's testimony and appraisal reports, and we agree with Mid-States' contention that Vogan's valuation of $6,700,000 includes all twenty-one parcels of real property. Appellant's Exhibit A is an appraisal report prepared by Vogan as of the assessment date of January 1, 1992. Appellant's Exhibit B is a written appraisal prepared for Countrymark Cooperative, Inc. as of May 31, 1993. In his testimony before the BTA, Vogan explained that he was originally contacted by Mid-States in the summer of 1993 to prepare an appraisal of its Toledo facility for internal purposes. At a later time Mid-States requested Vogan to prepare another written appraisal for its Toledo facilities as of January 1, 1992. In his transmittal letter attached for the January 1, 1992 appraisal, Vogan stated that his May 31, 1993 appraisal was incorporated by reference.

{¶ 9} A review of Vogan's appraisal reports clearly shows that Vogan's appraisal covers all twenty-one parcels, not just parcel No. 18-77207. In the transmittal letters for both the January 1, 1992 and May 31, 1993 appraisals, Vogan states that his appraisal includes "the property rights of fee simple estate on all owned land and leasehold estate on any leased land." In both appraisals, the site being appraised is described as "19.123 acres more or less, of owned land, includes IRB site, and a small leased tract from port authority." His description of "Property

Rights Appraised" in both appraisals states that it "includes the underlying real estate * * * involved in this business." In the cost approach set forth in his May 31, 1993 appraisal, Vogan devotes a page to "Site Valuation." Under the Site Valuation heading, Vogan divides the total acreage of 19.123 acres into three different categories and ascribes a different value per acre to each category. The three categories of real estate values contained in the May 31, 1993 appraisal are carried over and incorporated into the cost recap contained in the January 1, 1992 appraisal. In addition, the cost approach section of the May 31, 1993 appraisal describes each tract of land involved. In the "Final Value Estimate" portion of his May 31,1993 appraisal, Vogan sets forth that the value of the subject property "includes land, buildings, [and] improvements." In his "Final Market Value Estimate" portion of the January 1, 1992 appraisal, Vogan stated his opinion of "the Market Value (real property only) of the subject property's land, buildings and improvements."

{¶ 10} In his testimony before the BTA, Vogan likewise stated that his appraisal "includes the entire bundle of rights that would be involved in this particular property." In speaking of his market value estimate he stated that the value was for the "entire property." Finally, he stated that "[a]gain, it is an appraisal of the entire entity."

{¶ 11} When the BTA accepted Vogan's appraisal without noting any exceptions, it accepted the underlying facts upon which the appraisal was based. The appraisal reports clearly and unequivocally set forth that Vogan's value of $6,700,000 was for all twenty-one parcels containing 19.123 acres, not just a single parcel.

{¶ 12} In this case, we are not weighing the evidence. The BTA has not rejected any of the testimony or evidence from Vogan cited above. The underlying facts for Vogan's appraisal reports were not challenged. However, for some reason, the BTA ignored or overlooked the contents of the appraisal reports and testimony which we have cited above. A review of the record leaves no doubt that Vogan's

appraisal value encompassed all twenty-one parcels of real estate listed on the original complaint. Based on the undisputed basic facts, we hold that the BTA's ultimate conclusion that Vogan's value of $6,700,000 was meant to apply only to parcel No. 18-77207 is unreasonable. *Ace Steel Baling, Inc. v. Porterfield* (1969), 19 Ohio St.2d 137, 48 O.O.2d 169, 249 N.E.2d 892, and *SFZ Transp., Inc. v. Limbach* (1993), 66 Ohio St.3d 602, 613 N.E.2d 1037.

CROSS-APPEAL

{¶ 13} In its response brief, Mid-States argues that appellees have not properly invoked the jurisdiction of this court, due to their failure to comply with R.C. 5717.04. Appellees have filed a motion asking that we strike that portion of Mid-States' response brief. Although Mid-States did not file a separate motion to dismiss when it questioned jurisdiction, it stated that appellees' cross-appeal should be dismissed. In *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St. 3d 14, 15, 567 N.E.2d 1007, 1009, we stated in a similar situation, "Despite * * * [the] failure to file such a motion, a party cannot waive subject-matter jurisdiction regardless of procedural sins, and we can entertain a subject-matter dismissal motion at this stage." We therefore treat Mid-States' response brief raising the question of jurisdiction as a motion to dismiss and deny appellees' motion to strike it.

{¶ 14} R.C. 5717.04 requires that a copy of the notice of appeal filed with this court also be filed with the BTA. R.C. 5717.04 also requires that proof of filing of the notice of appeal with the BTA be filed with the court to which the appeal is taken. A review of the BTA's transcript in this case does not disclose that a copy of appellees' notice of appeal was filed with the BTA. Likewise, a review of this court's files does not disclose any proof of filing of appellees' notice of appeal with the BTA.

{¶ 15} In *Kenney v. Evatt* (1945), 144 Ohio St. 369, 29 O.O. 541, 59 N.E.2d 47, we held that failure to give notice to the BTA was a failure to comply with a

mandatory provision of the statute. In *Goldman v. L. B. Harrison* (1951), 156 Ohio St. 403, 404, 46 O.O. 238, 102 N.E.2d 848, 849, we held: "One who desires to have this court review a decision of the Board of Tax Appeals must   * * * comply with the statutory provisions relative to appeals from the Board of Tax Appeals." We therefore grant Mid-States' motion and dismiss appellees' cross-appeal.

{¶ 16} Accordingly, we reverse that portion of the BTA's decision that applied the appraisal value of $6,700,000 only to parcel number 18-77207 when it should have been applied to the total value of all twenty-one parcels. We remand to the BTA for the sole purpose of applying the $6,700,000 value to all parcels, so that the building value for parcel No, 18-77207 is reduced in conformance with this opinion.

*Cross-appeal dismissed,*

*decision reversed and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____