COLUMBUS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT,
*v.* WILKINS, TAX COMMR., ET AL., APPELLEES.

[Cite as *Columbus City School Dist. Bd. of Edn. v. Wilkins,* 101 Ohio St.3d 112, 2004-Ohio-296.]

(No. 2002–1525—Submitted November 4, 2003—Decided February 11, 2004.)

———————

ALICE ROBIE RESNICK, J.

{¶ 1} This case concerns a challenge by the Board of Education of the Columbus City School District ("BOE") to a real property tax exemption for property subject to environmental remediation granted by the Tax Commissioner. The property, known as the Adam's Mark Hotel, is located in downtown Columbus. The BOE contends that the Tax Commissioner should have notified it before he granted the exemption and that the exemption should be limited to the increase in value attributable to the environmental remediation. We disagree with both contentions.

{¶ 2} The exemption in question was granted during tax year 1996. The BOE filed a complaint with the Tax Commissioner in 1998, pursuant to R.C. 5715.27(E), objecting to the continued exemption of the Adam's Mark property. The Tax Commissioner denied the BOE's complaint. The BOE filed an appeal with the Board of Tax Appeals ("BTA"), where the parties filed the following stipulation of facts:

{¶ 3} "1. Seven Seventeen HB Philadelphia Corp. ('Taxpayer') purchased Parcel Nos. 010–44982–6 ('Parcel 1') and 010–7757–7 ('Parcel No. 2') located in Columbus, Franklin County, Ohio and commonly known as the Adam's Mark Hotel (together, the 'Property') on January 16, 1996 from an unrelated third party.

{¶ 4} "2. The fair market value of the Property as of January 1, 1996 was determined to be $3,000,000 by the Board of Revisions [sic] ('BOR'). See BOR Case No. 96–593 A & B. The taxable value for the Property as of January 1, 1996 is $1,049,990.

{¶ 5} "3. The Taxpayer spent money during 1996 on remediation or remedial activities, as such terms are defined under O.R.C. § 3746.01, concerning the Property. Such activities likely resulted in some increase in the market value of the Property.

{¶ 6} "4. The Taxpayer spent money on additional, non-remedial improvements to the Property during 1996 and 1997. Such activities likely resulted in some increase in the market value of the Property.

{¶ 7} "5. Pursuant to O.R.C. Chapter 3746, the Director of the Ohio Environmental Protection Agency ('Director') issued a Covenant Not to Sue for the Property on December 20, 1996.

{¶ 8} "6. The Director certified to the Tax Commissioner on December 23, 1996 that a Covenant Not to Sue had been issued and that remedial activities on the Property were performed to the satisfaction of the Director.

{¶ 9} "7. The Tax Commissioner issued a Journal Entry on December 30, 1996 ordering as follows: 'Pursuant to the certification and Revised Code section 5709.87, the Tax Commissioner orders that the increase from the tax year 1996

assessed value of land constituting property which is described in the certification and the increase from the tax year 1996 assessed value of the improvements, buildings, fixtures, and structures situated on the land as shown on the tax list at the time this order is issued be entered upon the list of property in said county which is exempt from taxation beginning in tax year 1996 and ending on the last day of the tenth tax year after the issuance of this order.'

{¶ 10} "8. The Tax Commissioner did not provide any notice to the Board of Education prior to the granting of the exemption."

{¶ 11} The BTA affirmed the Tax Commissioner's final order, finding that the BOE was not entitled to any notice of hearing under R.C. 5709.87. In addition, the BTA found that the exemption covered the increase in value of the property without limitation.

{¶ 12} This cause is now before the court upon an appeal as of right.

{¶ 13} The real property tax exemption was granted by the Tax Commissioner under R.C. 5709.87, which provides:

{¶ 14} "(B) The director of environmental protection, after issuing a covenant not to sue for property under section 3746.12 of the Revised Code and determining that remedies or remedial activities have commenced or been completed at that property to the satisfaction of the director, shall certify to the tax commissioner and to the director of development that such a covenant has been issued and such remedies or remedial activities have occurred at that property.  * * *

{¶ 15} "(C) Upon receipt by the tax commissioner of a certification for property under division (B) of this section, the commissioner shall issue an order granting an exemption from real property taxation of the increase in the assessed value of the land constituting property that is described in the certification, and of the increase in the assessed value of improvements, buildings, fixtures, and structures situated on that land at the time the order is issued as indicated on the current tax lists."

{¶ 16} There is no requirement in R.C. 5709.87 for the Tax Commissioner to notify a board of education before an exemption is granted. The BOE contends that such notice is required under R.C. 5715.27.

{¶ 17} R.C. 5715.27 is a general statute applicable both to applications for exemption and to complaints against existing exemptions. The introductory language for the exemption application contained in R.C. 5715.27(A) limits its applicability to an application for exemption filed with the Tax Commissioner by the "owner of any property." R.C. 5715.27(B) provides that if a board of education has filed a written request with the Tax Commissioner, the Tax Commissioner is required to send the board of education a quarterly notice of the exemption applications filed for that school district. R.C. 5715.27(C) provides

that if a board of education has filed a written request with the Tax Commissioner and has been notified that an application for exemption has been filed for property in its district, it may file a statement with the Tax Commissioner of its intention to submit evidence and participate in any hearing on the application and become a party in any appeal of the Tax Commissioner's decision to the BTA. Finally, R.C. 5715.27(D) provides that the failure of a board of education to receive notice of the filing of an application for exemption "shall not void an action of the commissioner with respect to any application."

{¶ 18} The exemption application procedure set forth in R.C. 5715.27 is not applicable to the facts of this case because the property owner did not file an application for exemption with the Tax Commissioner under R.C. 5715.27(A). Nothing in R.C. 5715.27 makes its notice requirements applicable to exemptions granted by the Tax Commissioner under R.C. 5709.87.

{¶ 19} The Tax Commissioner's duty under R.C. 5709.87 is purely ministerial. That statute provides that when the Tax Commissioner receives a certification from the Director of Environmental Protection, he "shall issue" an order granting an exemption. There is no need for a hearing under R.C. 5709.87, because the Tax Commissioner has no discretion in granting the exemption.

{¶ 20} In his brief, rather than by motion or cross-appeal, the Tax Commissioner has raised a jurisdictional question. In a similar situation, in *Mid–States Terminal, Inc. v. Lucas Cty. Bd. of Revision* (1996), 76 Ohio St.3d 79, 82, 666 N.E.2d 1077, the court stated, "Although Mid–States did not file a separate motion to dismiss when it questioned jurisdiction, it stated that appellee's cross-appeal should be dismissed. In *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St.3d 14, 15, 567 N.E.2d 1007, 1009, we stated in a similar situation, 'Despite * * * [the] failure to file such a motion, a party cannot waive subject-matter jurisdiction regardless of procedural sins, and we can entertain a subject-matter dismissal motion at this stage.' We therefore treat Mid–States' response brief raising the question of jurisdiction as a motion to dismiss * * *." Likewise, we treat the Tax Commissioner's question of jurisdiction as a motion to dismiss.

{¶ 21} The Tax Commissioner contends that the BOE did not raise the issue of later-constructed improvements in its notices of appeal to the BTA and this court. The notice of appeal that the BOE filed with the BTA stated, "The exemption from taxation provided for in R.C. 5709.87 is only for the increase in value attributable to the voluntary remediation of hazardous materials, not the entire increase in value from any cause or construction." In the notice of appeal filed with this court, the BOE stated, "The Board of Tax Appeals erred in determining that the exemption from taxation provided for in R.C. 5709.87 is for increases in

valuation resulting from improvements to property unrelated to the voluntary remediation of hazardous materials."

{¶ 22} In *MCI Telecommunications Corp. v. Limbach* (1994), 68 Ohio St.3d 195, 197, 625 N.E.2d 597, the court stated, " 'In resolving questions regarding the effectiveness of a notice of appeal, we are not disposed to deny review by a hypertechnical reading of the notice,' " quoting *Buckeye Internatl., Inc. v. Limbach* (1992), 64 Ohio St.3d 264, 268, 595 N.E.2d 347. The notices of appeal filed by the BOE are broad enough to include the issue whether later-constructed improvements are to be exempted.

{¶ 23} The BOE contends that the exemption granted by the Tax Commissioner under R.C. 5709.87 is applicable solely to the increase in the value of the property that is attributable to remediation. In other words, the BOE contends that any increase in value of property other than that caused by remediation is not eligible for exemption.

{¶ 24} The following exemplifies the BOE's contention: Assume that before remediation, contaminated land and an uncontaminated house situated on the land are worth $100 each, for a total of $200 on January first. Assume that during the year as a result of remediation the value of the land increases to $200, and at the same time the house increases in value to $200. Assume that a covenant not to sue is issued by the Director of Environmental Protection during the year and that the Tax Commissioner issues an exemption under R.C. 5709.87. The BOE would exempt only the $100 increase in the value resulting from the remediation of the land. The BOE would not exempt any portion of the increased value of the house, because the house was not subject to environmental remediation. The landowner would contend that the entire property should remain valued at $200, because R.C. 5709.87 exempts not only the increase in value for the land subject to remediation, but also the increase in value for all the improvements, buildings, fixtures, and structures situated on the land that occurs after January first of the year in which the exemption is granted.

{¶ 25} R.C. 5709.87(C) provides that the exemption applies to "the increase in the assessed value of land constituting property that is described in the certification, and of the increase in the assessed value of improvements, buildings, fixtures, and structures situated on that land at the time the order is issued as indicated on the current tax lists."

{¶ 26} The primary rule of statutory construction is to look to the language of the statute itself to determine the legislative intent. If a review of the statute conveys a meaning that is clear, unequivocal, and definite, the court need look no further. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 304 N.E.2d 378. The terms "building," "fixture," "improvement," and "structure" are all defined in R.C. 5701.02. R.C. 5709.87(A) provides that those terms have

the same meaning as defined in R.C. 5701.02. The BOE uses the term "improvement" as meaning a betterment or upgrading, rather than as defined in R.C. 5701.02. The term "improvement" is defined in R.C. 5701.02(D) as meaning "with respect to a building or structure, a permanent addition, enlargement, or alteration that, had it been constructed at the same time as the building or structure, would have been considered a part of the building or structure." Thus, the word "improvement" as used in R.C. 5709.87 refers to something that is part of a building or structure and not to a betterment or upgrading of an existing building or structure.

{¶ 27} Therefore, the plain language of R.C. 5709.87(C) provides that the exemption granted by the Tax Commissioner is applicable to the increase in the assessed value at the time the order is issued, as indicated on the current tax list, of:

{¶ 28} 1. the land constituting the property described in the certification,

{¶ 29} 2. improvements situated on that land,

{¶ 30} 3. buildings situated on that land,

{¶ 31} 4. fixtures situated on that land,

{¶ 32} 5. structures situated on that land.

{¶ 33} R.C. 5709.87(C) further states that the exemption is to commence on the first day of the tax year including the day on which the exemption order is issued. Since the exemption order for the property in question was issued on December 30, 1996, it necessarily refers to the first day of the tax year, i.e., January 1, 1996. R.C. 323.11. Thus, the Tax Commissioner's exemption order exempts from taxation any increase in value of the land described on the certification issued by the Director of Environmental Protection, along with any increase in the value of the improvements, buildings, fixtures, and structures situated on that land as of January 1, 1996.

{¶ 34} There is no language in R.C. 5709.87 that would limit the exemption to the increase in value of the specific item of property that was subject to environmental remediation. However, contrary to the BOE's assertion, R.C. 5709.87 would not exempt the assessed value of improvements, buildings, fixtures, or structures added after January first of the current tax year.

{¶ 35} We find that the decision of the BTA is reasonable and lawful and affirm it.

Decision affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Martin Hughes & Associates and Martin J. Hughes III, for appellant.

Jim Petro, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellee Tax Commissioner.

Squire, Sanders & Dempsey, L.L.P., Steven F. Mount and Greg R. Wehrer, for appellee Seven Seventeen HB Philadelphia No. 2.