[Cite as *Pump House Ministries v. Levin*, 2014-Ohio-1590.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| PUMP HOUSE MINISTRIES | : | **JUDGES:** |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-COA-036 |
| RICHARD A. LEVIN, (OR JOSEPH | : |  |
| W. TESTA) TAX COMMISSIONER | : |  |
|  | : | O P I N I O N |
| Appellee | : |  |


CHARACTER OF PROCEEDING:      Appeal from the Decision and Order by the
                             Ohio Board of Tax Appeals, Case No.
                             2010-V-794


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 14, 2014


APPEARANCES:

For Appellant                For Appellee

DAVID STIMPERT               DAVID EBERSOLE
10 East Main Street          BARTON HUBBARD
Ashland, OH  44805           Attorney General
                             Taxation Section
                             30 East Broad Street, 25th Floor
                             Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the October 2, 2013 decision by the Ohio Board of Tax Appeals affirming the Tax Commissioner's final determination and dismissing appellant's applications for exemption for lack of jurisdiction.

*Facts & Procedural History*

{¶2} On March 7, 2006, appellant Pump House Ministries, Inc., a 501(c)(3) non-profit corporation, filed five applications for real property tax exemption and remission, seeking exemption of real property from taxation pursuant to R.C. 5709.121 for tax year 2006 and remission of taxes and penalties for tax years 2004 and 2005. Appellee is the Tax Commissioner of Ohio. The five parcels of real property at issue are located in Ashland County. On each of the applications, appellant listed "Pump House Ministries" as the applicant. Also on each application, applicant stated the titles of the property were held in the names of J.L. & M.M. Real Estate, Inc., Crumrine Real Estate, Inc., or J.L. M.M. Industrial, Inc. When asked to explain why the title holders of the properties were different from the applicant, appellant stated that Pump House Ministries owns J.L. & M.M. Real Estate, Inc., Crumrine Real Estate, Inc., and J.L. M.M. Industrial, Inc.

{¶3} On February 3, 2010, the Tax Commissioner issued a final determination wherein he dismissed the applications for exemption on the grounds that he lacked jurisdiction to consider them. The commissioner found the parcels of real property were not transferred to appellant until 2007 and, relying on the county auditor's records, found there was no evidence appellant was the owner of the real property when the applications were filed in 2006. Further, that appellant, J.L. & M.M., Inc., Crumrine Real

Estate, Inc., and J.L. M.M. Industrial Inc. are separate Ohio corporations and separate legal entities. Citing R.C. 5715.27(A), the Tax Commissioner found he did not have the authority to consider the applications because appellant was not the owner of the property at issue.

{¶4} Appellant filed an appeal to the Ohio Board of Tax Appeals ("BTA") with respect to the Tax Commissioner's final determination and dismissal of the applications. Appellant argued it was the owner or vendee in possession of the real property and that the determination of the Tax Commissioner places a financial burden on appellant and frustrates its ability to assist those in the local community. Appellant cited to a July 10, 2003 "donor agreement" in support of its argument that it was the owner of the properties on the application date. The donor agreement, between appellant and individuals Martin Myers ("Myers") and James Landoll ("Landoll"), provides that the donors are donating to appellant 100% of membership interests in Sassafras, Ltd. ("Sassafras"), which in turn owns all of the stock in three Ohio corporations: J.L. & M.M. Real Estate, Inc., Crumrine Real Estate, Inc. and J.L. & M.M. Condominium, Inc. The donor agreement states the three corporations own various parcels of real estate and that appellant "intends to cause Sassafras and constituent corporations to use the real property in a manner that is related to the purpose and function constituting the basis for its federal tax exemption as a public charity." The donor agreement provides that the relationship between the parties is as "donor and donee only."

{¶5} In his brief to the BTA, appellee argued that his final determination should be affirmed since the owner of the real property did not make application for exemption as required by R.C. 5715.27(A). Appellee stated the requests for admissions and

records in the Ashland County Auditor and Recorder's Office confirm that appellant was not the owner of the real property at the time the applications were filed and that the entities of J.L. & M.M. Real Estate, Inc. and Crumrine Real Estate, Inc. are separate and distinct legal entities organized for profit.  The records from Ashland County provide that, until January 10, 2007, the properties at issue were owned by and titled in the name of J.L. & M.M. Industries, Inc. and/or Crumrine Real Estate, Inc.  Appellee further argued the donation agreement gives appellant no direct or indirect interest in the real estate and that appellant admitted the deeds were not executed for any of the transfers of real property until 2007.

{¶6}    Appellant and appellee agreed to waive their rights on appeal to the BTA to the hearing of additional evidence and agreed, for purposes of supplementing the evidentiary record, to the admission into evidence of appellant's responses to appellee's requests for admission.  Appellant admitted that, from 2002 to January 10, 2007, the deeds of record filed and maintained by the Ashland County Recorder's office reflected one or more of the following entities as the then-current owner of the real property at issue:  J.L. & M.M. Real Estate, Inc., Crumrine Real Estate, Inc., or J.L. & M.M. Industrial, Inc.  Further, that in 2004, 2005, and 2006, J.L. & M.M. Real Estate, Inc. and Crumrine Real Estate, Inc. were organized for profit and that J.L. & M.M. Industrial, Inc. merged into J.L. & M.M. Real Estate, Inc.  In the requests for admissions, appellant confirmed that Sassafras, Ltd. is a limited liability corporation that from January 1, 2002 through the date of the admissions in August of 2010, maintained active status as an LLC.

{¶7}   The BTA issued a decision and order on October 2, 2013.  The BTA found appellant was not the owner of the real property at the time the applications for exemption were filed because the owner corporations were for-profit corporations that were separate legal entities from appellant.  Further, that appellant was not a vendee in possession because there was no transfer of ownership or agreement to buy contained in the donor agreement.  The BTA also stated it could not consider appellant's equitable argument regarding undue financial burden because it has no equity jurisdiction.  The BTA affirmed the Tax Commissioner's final determination and dismissed appellant's applications for exemption for lack of jurisdiction.

{¶8}   Appellant does not specifically enumerate its assignments of error.  However, after reviewing appellant's brief and contentions, we have interpreted his assignments of error as follows:

{¶9}   "I. THE BTA'S DECISION TO DISMISS APPELLANT'S APPLICATIONS WAS UNLAWFUL AND UNREASONABLE BECAUSE, AS A RESULT OF ITS EXCLUSIVE OCCUPATION, MANAGEMENT, AND CONTROL OF THE REAL PROPERTIES, APPELLANT WAS THE "OWNER" OF THE REAL PROPERTIES IN ACCORDANCE WITH R.C. 5715.27(A), AS AMENDED, AT THE TIME THE APPLICATIONS FOR EXEMPTION WERE FILED;

{¶10}  II. THE BTA'S DECISION TO DISMISS APPELLANT'S APPLICATIONS WAS UNLAWFUL AND UNREASONABLE BECAUSE, AS A RESULT OF ITS AGREEMENT WITH MR. MYERS AND MR. LANDOLL, APPELLANT WAS A VENDEE IN POSSESSION OF THE REAL PROPERTIES PURSUANT TO AN AGREEMENT, IN

ACCORDANCE WITH R.C. 5715.27(A), AS AMENDED, AT THE TIME THE APPLICATIONS FOR EXEMPTION WERE FILED; AND

{¶11} III. THE BTA'S DECISION WAS UNREASONABLE AND UNLAWFUL BECAUSE TO FIND APPELLANT WAS NOT ENTITLED TO FILE APPLICATIONS FOR EXEMPTION FROM TAXES WOULD CONSTITUTE A SIGNIFICANT FINANCIAL BURDEN TO APPELLANT AND WOULD FRUSTRATE ITS ABILITY TO ASSIST THOSE IN THE LOCAL COMMUNITY THAT DEPEND UPON ITS SERVICES."

I. & II.

{¶12} This appeal is brought pursuant to R.C. 5717.04, which states as follows:

> If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable and unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

{¶13} R.C. 5715.27(A) is a general statute applicable to applications for exemption and sets forth the requirements for filing an application for exemption. R.C. 5715.27(A) provides, in pertinent part:

> (1) Except as provided in division (A)(2) of this section and in section 3735.67 of the Revised Code, the owner, a vendee in possession under a purchase agreement or a land contract, the beneficiary of a trust, or a lessee for an initial

term of not less than thirty years of any property may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation and that taxes, interest, and penalties be remitted * * *.

Under the previous version of the statute prior to its amendment in 2008, only an "owner" could file the application with the tax commissioner.

{¶14} In *Performing Arts School of Metro. Toledo, Inc. v. Wilkins,* the Ohio Supreme Court considered R.C. 5715.27(A) prior to its 2008 amendment. 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649 (2004). The appellant in *Performing Arts* was a nonprofit corporation that had leased the property it occupied from a for-profit limited partnership. The Ohio Supreme Court found that in administrative appeals, "parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." *Id.*, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). The Court noted that "owner" was not defined for the purposes of R.C. 5715.27 but, affording the term "owner" its plain and ordinary meaning, "owner" as used in R.C. 5715.27 refers only to a legal title holder of the real property for which a tax exemption is sought. *Id.* The Court held that since the applicant was a lessee, it did not hold legal title to the property at issue and thus was not an "owner" pursuant to R.C. 5715.27. *Id.* Further, that a lack of standing is not cured by an owner's joining an application for tax exemption after the deadline for filing the application passed. *Id.* In *Columbus City School Dist. Bd. of Education v. Wilkins*, the Ohio Supreme Court utilized the definition

of the term "owner" found in *Performing Arts* and confirmed the word "owner" in R.C. 5715.27 refers only to a legal title holder. 101 Ohio St.3d 112, 2004-Ohio-296, 802 N.E.2d 637 (2004).

{¶15} Appellant argues the *Performing Arts* case is distinguishable on the facts, that the definition of "owner" utilized in *Performing Arts* is too narrow given the 2008 amendment to R.C. 5715.27, and that appellant was the owner of the property since the donor agreement in 2003 because appellant manages the real property, controls the real property, and pays taxes, utilities, and insurance on the real property.

{¶16} While we agree with appellant that, in 2008, R.C. 5715.27(A) was amended to include a broader class of those entitled to file an application for exemption, the amendment includes specific individuals permitted to file such an application: a vendee in possession under a purchase agreement or land contract, the beneficiary of a trust, or a lessee for an initial term of not less than thirty years. However, the statute does not expand or alter the definition of "owner" as stated by the Ohio Supreme Court or allow anyone beyond those specifically listed in the statute to file an application for exemption.

{¶17} Pursuant to *Performing Arts School of Metro. Toledo, Inc. v. Wilkins*, the use of the term "owner" in R.C. 5715.27(A) means a legal titleholder of the property. 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649 (2004); *Columbus City School Dist. Bd. of Education v. Wilkins*, 101 Ohio St.3d 112, 2004-Ohio-296, 802 N.E.2d 637 (2004). In the instant case, the legal titleholders of the property were J.L. & M.M. Real Estate, Inc., J.L. M.M. Industrial, Inc., and/or Crumrine Real Estate, Inc. on the date appellant filed the applications for exemption. This is confirmed by the Ashland County

Auditor's tax records and the admission by appellant that, from 2002 to January of 2007, the deeds of record filed and maintained by the Ashland County Recorder's office reflected one or more of the following entities as the then-current owner of the real property at issue: J.L. & M.M. Real Estate, Inc., Crumrine Real Estate, Inc., or J.L. & M.M. Industrial, Inc. We cannot conclude that appellant is an owner under R.C. 5715.27(A) due to its affiliation with J.L. & M.M. Real Estate, Inc. and Crumrine Real Estate, Inc., because J.L. & M.M. Real Estate, Inc., and Crumrine Real Estate, Inc. are separate and distinct legal entities from appellant and must be treated as such. *Wellington Square, LLC v. Testa,* 2d Dist. Clark No. 2012 CA 0024, 2012-Ohio-4981. These corporate entities (J.L. & M.M. Real Estate, Inc. and Crumrine Real Estate, Inc.) were organized for profit separately from the non-profit structure of appellant and its non-profit corporation. Though appellant manages the real property and pays the utilities, taxes, and insurance on the real property, it is not the legal titleholder of the property at issue and thus cannot qualify as an owner under R.C. 5715.27(A) as defined by the Ohio Supreme Court.

{¶18} Further, the donation agreement does not make appellant the "owner" or titleholder of the real property for purposes of R.C. 5715.27(A). The donation agreement did not transfer the real property to appellant as the agreement provides that the purpose of the agreement is only to "cause Sassafras and constituent corporations to use the real property in a manner that is related to the purpose and function constituting the basis for its federal tax exemption as a public charity." In addition, the agreement provides that the relationship between the parties is as "donor and donee only."

{¶19} Accordingly, the BTA did not err in determining appellant was not the owner of the real property at the time the applications for exemption were filed.

{¶20} Appellant further argues the BTA's decision to dismiss appellant's applications was unlawful and unreasonable because appellant was a vendee in possession of the real property as a result of its agreement with Myers and Landoll. We disagree.

{¶21} R.C. 5715.27(A) provides that a "vendee in possession under a purchase agreement or a land contract" has standing to file an application for exemption. In this case, the donor agreement was not a purchase agreement or a land contract, but was a gift transfer of stock of Sassafras to appellant. The donation agreement transferred ownership of Sassafras' stock to appellant, but did not transfer the real property. In this case, there is no purchase agreement or land contract for the transfer of ownership of the real property. Accordingly, pursuant to the plain language of the statute, appellant is not a vendee in possession under a purchase agreement or a land contract.

{¶22} Based on the above, we find appellant failed to meet the procedural requirements of R.C. 5715.27(A) and thus lacked standing to file the exemption applications. The BTA's decision to dismiss the applications was not unlawful or unreasonable.

III.

{¶23} Appellant argues the payment of taxes on the real property in question presents a significant financial burden to appellant and frustrates its ability to assist underserved residents of Ashland County. The BTA found that it had no express or implied equity jurisdiction to consider appellant's argument. We find the BTA's decision

was not unreasonable or unlawful because, as an administrative agency, the BTA does not have equitable jurisdiction. *Columbus Southern Lumber Co. v. Peck*, 159 Ohio St. 564, 113 N.E.2d 1 (1953). The Supreme Court of Ohio has said the BTA, "is a creature of statute and is limited to the powers with which it is thereby invested." *Steward v. Evatt*, 143 Ohio St. 547, 56 N.E.2d 159, 161 (1944).

{¶24} Based on the foregoing, we find the BTA did not err when it affirmed the determination of the Tax Commissioner and dismissed appellant's applications for exemption for lack of jurisdiction. Appellant's assignments of error are overruled and the October 2, 2013 decision by the BTA is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur