[Cite as *State v. Boehm*, 2017-Ohio-4285.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-77 |
| | : | |
| SHELLY M. BOEHM | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                            Common Pleas, Case No. 16 CR 00033



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      June 13, 2017



APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

KENNETH W. OSWALT                       C. JOSEPH McCOY
LICKING CO. PROSECUTOR                  57 East Main St.
BRIAN T. WALTZ                          Newark, OH 43055
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1} Plaintiff-appellant State of Ohio appeals from the August 11, 2016 Judgment Entry Granting Treatment in Lieu of Conviction of the Licking County Court of Common Pleas. Defendant-appellee is Shelly M. Boehm.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellant's bill of particulars. This case arose between April 1, 2014 and April 30, 2014, when appellee worked as a maid at a residence in Newark and stole "numerous pills containing amphetamine." Appellee was charged by indictment with one count of theft of dangerous drugs, a felony of the fourth degree pursuant to R.C. 2913.02(A)(2) and (B)(6). Appellee entered a plea of not guilty.

{¶3} On April 18, 2016, appellee filed a Motion to Continue or Cancel Jury Trial and Set for Plea and Sentencing, stating appellee was eligible for intervention in lieu of conviction (ILC) if approved by the prosecutor, but appellee had not yet heard back from the prosecutor, and she was scheduled to complete a drug assessment and presentence investigation (PSI) interview. Appellant did not respond.

{¶4} On May 3, 2016, appellee filed a Motion for Order Granting Intervention in Lieu of Conviction pursuant to R.C. 2951.041. Appellant did not respond.

{¶5} On June 13, 2016, a brief hearing was held and the trial court asked whether appellee had anything to add to her motion for ILC. Defense trial counsel replied that appellee had a prior sealed felony conviction. The trial court granted a continuance to allow the parties time to research the effect of a sealed conviction on a defendant's eligibility for ILC.

{¶6} On August 10, 2016, appellee filed a bench brief in support of her argument that she was eligible for ILC.

{¶7} Also on August 10, 2016, a hearing was held on appellee's motions. The record reveals a probation officer was present at the hearing but did not testify. The only witness sworn at the hearing was appellee for the purpose of the plea colloquy. Appellee argued she was eligible for ILC despite the sealed conviction. Appellant responded appellee has two prior felony theft convictions within five years, and argued that even if the prosecutor cannot unseal the prior convictions, the probation department can do so for purposes of the PSI. Appellee responded that the prior convictions arose from a single incident and are one felony and one misdemeanor.[1]

{¶8} From the bench, the trial court found appellee to be eligible for ILC, finding the sealed prior conviction cannot be used to disqualify her eligibility and no "prosecutorial veto" is available to appellant. The trial court further stated appellee is eligible for ILC based upon a recommendation from the probation department. Appellant objected to the trial court's decision.

{¶9} The record does not contain the PSI, or appellee's prior convictions, or any record of the sealing thereof.

{¶10} We also note the trial court's judgment entry of August 11, 2016, states "At the conclusion of the hearing, the Court determined, and the State agreed, that the Defendant met the eligibility requirements set forth in R.C. 2951.041(B), and granted the Defendant's application for Intervention in Lieu of Conviction." (Judgment Entry Granting

---

[1] The question of what appellant's prior conviction consists of is not resolved in this record.

Intervention in Lieu of Conviction, 1). This statement in the entry is at odds with appellant's objection at the hearing, but neither party raised this issue.

{¶11} Appellant filed a motion for leave to appeal the trial court's decision and appellee responded with a memorandum in opposition. On October 21, 2016, we granted appellant's motion for leave to appeal.

{¶12} Appellant hereby appeals from the August 11, 2016 judgment entry of the trial court.

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR ILC WITHOUT THE PROSECUTOR RECOMMENDING HER FOR PLACEMENT INTO THE ILC PROGRAM."

**ANALYSIS**

{¶15} Appellant argues appellee was not eligible for intervention in lieu of conviction because she had a prior sealed felony conviction. On this record, we disagree.

{¶16} ILC is a procedure governed by R.C. 2951.041, and in enacting that section, "the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000), citing *State v. Baker*, 131 Ohio App.3d 507, 510, 722 N.E.2d 1080 (7th Dist.1998). The granting of a motion for ILC lies in the trial court's sound discretion. *State v. Gadd*, 66 Ohio App.3d 278, 283, 584 N.E.2d 1 (2nd Dist.1990).

{¶17} Eligibility determinations under R.C. 2951.041, however, are matters of law subject to de novo review. *State v. Fowle*, 5th Dist. Delaware No. 09 CAA 04 0035, 2010-Ohio-586, ¶ 37.

{¶18} Appellant acknowledges the effect of a sealed conviction is not addressed in the relevant portions of the ILC statute, R.C. 2951.041(B), which address appellee's eligibility:

> (B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
>
> (1) The offender previously has not been convicted of or pleaded guilty to a felony offense of violence or previously has been convicted of or pleaded guilty to any felony that is not an offense of violence and the prosecuting attorney recommends that the offender be found eligible for participation in intervention in lieu of treatment under this section, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code or with a misdemeanor.
>
> * * * *.

{¶19} At the ILC hearing in the instant case, the trial court impliedly found appellee qualifies as an "offender [who] previously has not been convicted of or pleaded guilty to a felony offense of violence." (T.9-10). The trial court thus rejected any suggestion of a

requirement for pre-approval of ILC from the prosecutor. The trial court was aware of the prior conviction and took it into account in its disposition of the instant case, based upon the recommendation of the probation department.

{¶20} The parties agree that the issue posed by this case is whether a conviction sealed pursuant to R.C. 2953.32 prevents an offender from eligibility for ILC absent the state's recommendation. Appellee's prior conviction is not before us; nor is the record of the sealing of the conviction. Nevertheless, appellee conceded she has a "nonviolent felony conviction that had been sealed pursuant to R.C. 2953.32," and we proceed with our analysis on that basis. (Appellee's Brief, 1).

{¶21} The effect of the sealing of a conviction is stated in R.C. 2953.32(C)(2), which provides in pertinent part:

> * * * *. The proceedings in the case that pertain to the conviction * * * shall be considered not to have occurred and the conviction * * * of the person who is the subject of the proceedings shall be sealed, **except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition,** including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code. (Emphasis added.)

{¶22} It is evident from the plain meaning of the statute that the trial court may "consider" the prior sealed conviction in the disposition of the instant case. We agree with appellee that no conflict exists between R.C. 2953.32 and R.C. 2951.041 and effect may

be given to both. "If a review of the statute conveys a meaning that is clear, unequivocal, and definite, the court need look no further." *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 38, citing *Columbus City School Dist. Bd. of Edn. v. Wilkins,* 101 Ohio St.3d 112, 2004-Ohio-296, 802 N.E.2d 637, ¶ 26. We need not resort to statutory construction when the statute is unambiguous. Id., citing *State v. Evans,* 102 Ohio St.3d 240, 2004-Ohio-2659, 809 N.E.2d 11, ¶ 14. Instead, "our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." Id., citing *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). When a statute is unambiguous in its terms, courts must apply it rather than interpret it. Id., citing *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision,* 96 Ohio St.3d 170, 2002-Ohio-4032, 772 N.E.2d 1165, ¶ 11.

{¶23} The trial court in this case considered the prior conviction and found appellee to be both eligible for ILC and suitable for ILC. It is evident from this record that the trial court gave the prior, sealed conviction due consideration pursuant to R.C. 2953.32(C)(2), supra. The trial court thus complied with both statutes in finding appellee eligible for ILC, and did not abuse its discretion in finding appellee suitable for ILC.

{¶24} We find appellant's arguments to be inapposite. Appellant's argument is premised upon R.C. 2953.32(E), which states, "In any criminal proceeding, proof of any otherwise admissible prior conviction may be introduced and proved, notwithstanding the fact that for any such prior conviction an order of sealing previously was issued pursuant to sections 2953.31 to 2953.36 of the Revised Code." A criminal proceeding is "[o]ne instituted and conducted for the purpose either of preventing the commission of crime, or for fixing the guilt of a crime already committed and punishing the offender; as

distinguished from a 'civil' proceeding, which is for the redress3 of a private injury." *State v. Ziegler*, 6th Dist. Lucas No. 80-6273, 1981 WL 5451, *1 (Oct. 30, 1981). An ILC proceeding, however, is neither criminal nor civil. R.C. 2505.02 defines special proceeding as "an action or proceeding that is specially created by statute." The ILC hearing was a special proceeding created by R.C. 2951.041. *State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, ¶ 7.

{¶25} Appellant's argument is thus unavailing. The trial court was permitted to consider the prior sealed conviction in disposition of the instant case and did so. R.C. 2953.32(E) does not create a prosecutorial veto to ILC and is inapplicable to the circumstances here. Upon our de novo review of the applicable guidelines and the record of this matter, appellee is an eligible offender.

## CONCLUSION

{¶26} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, Earle, J., concur.